Chapter 89 of the Laws of 1901 provided that certain gentlemen residing in the county of Oneida, naming them, should constitute a board of commissioners for the erection of a new court house in the county at the city of Utica, at an expense not to exceed $350,000, and required the board of supervisors of the county to make provision for the payment thereof by issuing the bonds of the county for the amount required by the commissioners. This the board of supervisors refused to do, for the reason that the act is claimed to be in violation of section two, article ten, and section twenty-seven, article three, of the Constitution of the state.
Section two, article ten, provides that "All county officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct. * * * All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the legislature may direct." Section twenty-seven of article three provides that "the legislature shall, by general laws, confer upon the boards of supervisors of the several counties of the state such further powers of local legislation and administration as the legislature may, from time to time, deem expedient."
The County Law, being chapter eighteen of the General Laws, gives to the boards of supervisors the care and custody of the corporate property of the county, with power to purchase, lease or otherwise acquire for the use of the county necessary real property for court houses, jails, almshouses, asylums and other county buildings and for other county uses and purposes and to erect, alter, repair or construct any necessary buildings or other improvements thereon for necessary county use, and to borrow money when they deem it necessary for the erection of county buildings and for the purchase of sites therefor on the credit of the county and issue county obligations therefor. (§ 12.) *Page 108 
The act in question is temporary, designed to accomplish but one object, and that is, the providing of a court house for the county. As soon as the land is acquired and the court house is constructed the duties of the commissioners terminate and all of the duties devolving upon the board of supervisors by law with reference to the care and custody of county property, the preservation and repair thereof, continue as before. There is not, therefore, any abolition of the office of supervisor, or of the general duties devolving upon the board of supervisors, and, consequently, the case of People ex rel. Burby v. Howland
(155 N.Y. 270) has no bearing upon the question here presented.
The legislature has the power to provide buildings and court rooms in which the courts of the state may hold sessions and dispose of the civil and criminal cases that may be brought to trial. The power to construct these buildings may be delegated to the cities or the counties in the state, or it may be done through such agents of the state as the legislature shall provide. In this case the legislature has seen fit, through the act in question, to relieve the board of supervisors of Oneida county temporarily of the duty of constructing the court house and has cast that duty upon a number of persons who are named as commissioners, who become the agents of the state. They may become or be treated as county officers for certain purposes, and the county may become bound by their acts, but so far as the manner of their appointment is concerned, they are not deemed county officers within the contemplation or meaning of article ten, section two, of the Constitution.
In the case of Astor v. Mayor, etc. of N.Y. (62 N.Y. 567) an action was brought to restrain the collection of an assessment upon real property, and to vacate and set aside the same as a cloud upon the title. The assessment had been made by the commissioners of Central Park, to whom the exclusive care, management and control of a portion of Sixth avenue and certain other streets had been given. (Chapter 564 of the Laws of 1865.) The park commissioners were named in the statute *Page 109 
creating the board, and vacancies occurring were filled by the remaining members of the commission. It was held that the act was not violative of article ten, section two, of the Constitution, and that the Constitution does not prohibit the legislature from appointing persons to carry out a public improvement, although the power to make such improvements was at the time vested in the local officers of the city elected by the people.
In the case of People ex rel. Kilmer v. McDonald (69 N.Y. 362) commissioners had been appointed by the legislature (Chap. 623 of the Laws of 1870) to open, alter and widen the public highways and avenues in the town of Saratoga Springs. It was held that that act was not in conflict with the provisions of article ten, section two, of the Constitution. (See, also, In the Matterof the Mayor, etc., of N.Y., 99 N.Y. 569, 583; N.Y. Fire Dept. v. Atlas S.S. Co., 106 N.Y. 566, 577; People ex rel. Wood v.Draper, 15 N.Y. 532; Matter of Henneberger, 25 App. Div. 164,172; S.C., 155 N.Y. 420, and Mayor, etc., of N.Y. v. TenthNat. Bank, 111 N.Y. 446.)
We think the questions raised are answered by the authorities to which we have referred, and that the provisions of this act are not in conflict with either of the provisions of the Constitution alluded to.
The order appealed from should be affirmed, with costs.
PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, CULLEN and WERNER, JJ., concur.
Order affirmed.