September 14, 1915, which reversed an award of the state workmen's compensation commission. The claimant while in the employ of defendant Falkenberg went to the toilet, and being struck on the arm by something looked through a crack to see where the article had come from, when a girl in the adjoining toilet thrust scissors through the crack into her eye, causing a loss of the use of the eye. The question was whether the injury arose out of and in the course of the employment.

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for appellant.

*Otto D. Parker* and *Henry Siegrist* for respondents.

Order affirmed, with costs against the state industrial commission; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT D. BREWSTER et al., Respondents, *v.* THE BOARD OF SUPERVISORS OF WESTCHESTER COUNTY et al., Defendants, and JOHN J. SINNOTT et al., as Members of the Board of Supervisors of Westchester County, Appellants.

*People ex rel. Brewster* v. *Bd. Suprs. Westchester Co.,* 173 App. Div. 953, affirmed.

(Argued October 10, 1916; decided October 24, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 25, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of supervisors to meet and pass a bond issue of the county of Westchester in the aggregate principal sum of $100,000 for the purpose of paying certificates of indebtedness theretofore issued under authority of the said board of supervisors in like amount, which

certificates were due on the 1st day of November, 1915. By chapter 111 of the Laws of 1915 there was created for the county of Westchester a building commission with authority for the erection and furnishing of certain county buildings specified and designated in the act, and the board of supervisors was authorized to borrow money and issue temporary certificates of indebtedness and bonds to pay the same. The board of supervisors having exercised its discretion in authorizing the issuance of certificates in the sum of $100,000, and having fixed November 1, 1915, as the due date for said certificates, endeavored at subsequent sessions to pass bond issues in various amounts, all of which were defeated, due to the fact that the bond issue acts failed to receive a two-thirds vote of all the members elected to the board in accordance with the requirements of the General Municipal Law.

*Winfield L. Morse* for appellants.

*William A. Davidson* for respondents.

Order affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ.

---

NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent, *v.* LILLIAN SWEETING et al., Appellants.

*N. Y. C. & H. R. R. R. Co.* v. *Sweeting*, 166 App. Div. 909, affirmed.

(Argued October 19, 1916; decided October 24, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 4, 1914, which affirmed an order of Special Term denying a motion to vacate and set aside a judgment of condemnation, to dismiss the petition of the plaintiff herein, and to vacate and set aside all proceedings taken by plaintiff since the granting of said judgment of