CITY SCHOOL DISTRICT OF CITY OF MECHANICVILLE, Petitioner, *v.*
EVA COHEN, Respondent.

County Court, Saratoga County, August 5, 1954.

*James G. Heffernan* for petitioner.

*Bernard Cohen* and *Leonard Cohen* for respondent appearing specially.

SHERMAN, J. The city school district of the City of Mechanicville instituted summary proceedings and requested an order directing that petitioner be permitted to enter immediately upon certain real property to be taken in condemnation by the petitioner. The petitioner appeared by James G. Heffernan, Esq. The respondent, Eva Cohen, appeared specially by Bernard

Cohen, Esq. and by Leonard Cohen, Esq. of counsel and moved for a dismissal of the petition upon the ground that petition did not allege an exemption in petitioner's behalf from the rent and eviction regulations of the State Housing Rent Commission pursuant to subdivision 1 of section 9 and on the further ground that petitioner has not complied with any of the aforesaid rent and eviction regulations of the State Housing Rent Commission.

Briefly the facts are that petitioner is a school district duly organized and existing pursuant to the laws of the State of New York; that certain property sought to be condemned is adjacent to lands owned by the city school district of the City of Mechanicville; and that it is proposed that an additional public school building will be erected adjacent to the premises to be so acquired and the property so acquired will be used in connection with school purposes.

It appears that the owner of the premises has vacated the same but that respondent, Eva Cohen, is a tenant in occupancy of a residential apartment of the said premises.

The petitioner served a written notice to quit on the tenant on the 31st day of March, 1954. It is stated that actual construction will begin as soon as the tenant has vacated the premises.

It appears that the interest of the respondent in the said real property sought to be acquired is that of a tenant paying the sum of $25 monthly for the rental of the apartment.

The proceeding was duly authorized and directed by the board of education of petitioner and it further appears that all the proper preliminary steps have been taken herein. The petitioner states that public interest requires that the building occupied by the respondent be razed before the beginning of the school term in 1954. The special appearance in behalf of the respondent is confined solely to an objection based upon the fact that the petitioner does not allege an exemption in its behalf from the rent and eviction regulations and that petitioner has not complied with same. The property is being acquired through the power of eminent domain duly delegated by legislative enactment. There can be no question but that such delegation is within the power of the State. It is doubtful whether any regulation can have the effect of limiting the sovereign's right of eminent domain.

The obvious purpose of the state rent control legislation is the prevention of the exaction of unjust and unreasonable rents during a declared emergency. There is no prohibition against the acquisition of property for a public improvement by eminent domain.

The right to `` take '' private property means the right to take not only the legal title, but also the physical possession of the property. It would be an empty gesture to take title to property for public use without the right to possession and development for public use. There are no constitutional or legislative restrictions affecting the power of eminent domain except those contained in section 6 of article I of the New York State Constitution which states `` No person shall be deprived of life, liberty or property without due process of law ''; and section 7 of article I provides `` Private property shall not be taken for public use without just compensation ''.

It is apparent, therefore, that the inherent power of eminent domain cannot be restricted or limited by any action or any ruling or regulation of the State Housing Rent Commission. In fact, this is the position taken by that body.

Accordingly, the motion of the respondent is denied, with $10 costs.