Raymohd J. Miho, J.
The State of New York, by its Superintendant of Public Works, seeks to remove respondents from property appropriated by the State of New York for highway purposes. Authority to remove respondents and obtain possession of the appropriated property is found in subdivision 12 of section 30 of the Highway Law of the State of New York. The State has complied with all the procedural steps required of it *888 by subdivision 12 of section 30 of the Highway Law. Section 30 of the Highway Law has 20 subdivisions. It sets forth step by step the procedures to be followed by the State to appropriate lands for highway purposes. Subdivision 12 of said section authorizes the State to institute this proceeding after the title has become vested if the State shall deem it necessary.
Upon the return day of the precept respondents answered and the State of New York now moves to dismiss the answer as sham and frivolous.
The verified answer of respondents generally denies some allegations and denies that respondents have any knowledge or information sufficient to form a belief as to others. Examination of the denials discloses that they fail to create an issue which would prevent the State from succeeding in this application. The allegations so controverted are matters of public record, and further, a denial of any knowledge or information sufficient to form a belief is not authorized in an answer in a summary proceedings. (Civ. Prac. Act, § 1425.)
The first affirmative defense alleged that the State has been guilty of laches in delaying and filing the required appropriation maps. How this militates against the State in this proceeding does not appear. If the State were guilty of laches the court fails to see how the laches would prevent the State from succeeding in this proceeding, once the State deems it necessary to cause the removal of the owner.
The second and third defenses allege, in substance, that the State has 1 ‘ arbitrarily and unreasonably ’ ’ failed to pay respondents the sum of $36,000 pursuant to a proposed agreement which payment is sanctioned by subdivision 13 of section 30 of the Highway Law unless respondents obtain a general release from a former tenant of the respondents. It is alleged that to couple this demand for such a release with payment of the $36,000 constitutes a form of duress and creates a conflict which is at variance with the purpose and intent of section 30 of the Highway Law.
Subdivision 13 thereof provides, in pertinent part that the State ‘ ‘ may enter into an agreement with the owner or owners providing for payment of an amount equal to sixty per cent of the amount determined by the superintendent to be the value of such claim Clearly, this is a permissive and not a mandatory procedure. The State may decide whether or not it wishes to enter into such an agreement. Its failure to enter into such an agreement does not in any way prevent the State from obtaining possession of appropriated lands when it, the State, deems it necessary.
*889 The only constitutional restrictions upon the power of eminent domain are those contained in section 6 of article I of the New York State Constitution : “No person shall be deprived of life, liberty or property without due process of law.” And section 7 of article I provides: ‘1 Private property shall not be taken for public use without just compensation.” (Matter of City of New York [Brooklyn-Battery Tunnel Plaza], 186 Misc. 603, affd. 270 App. Div. 1027.)
The right to “take” private property means the right to take not only the legal title, but also the physical possession of the property. It would be an empty gesture to take title to property for a public use without the right to possess and develop it for public use. (Matter of City of New York [Brooklyn-Battery Tunnel Plaza], supra ; City School Dist. of City of Mechanicville v. Cohen, 206 Misc. 1, affd. 285 App. Div. 923.) Accordingly, the answer is dismissed. Final order is granted to petitioners.