Frank S. McCullough, J.
This action was commenced by the service of a summons and complaint on July 19, 1961. The defendant’s answer was served on July 31, and the defendant’s time to serve an amended answer as of right had expired when the plaintiff served a notice of motion for summary judgment which notice required the defendant to serve its answering *476 affidavits, if any, five days before the return day of the motion. The defendant failed to serve answering affidavits. The defendant now moves for leave to serve an amended answer which is substantially the same as its original answer except for two new defenses.
The facts are neither complicated nor substantially disputed. The defendant’s predecessor in title entered into an agreement with the plaintiff which agreement was recorded in Liber 4562 of Deeds, page 335 on September 29, 1947 which agreement created an easement and a covenant and agreement to execute a deed of dedication upon request. The defendant in this action acquired title subject to the described easement for a future road by deed recorded on November 6, 1959. The plaintiff alleges that the town adopted a resolution declaring the land reserved for public use and that a request to dedicate was made to the defendant pursuant to resolution. The defendant in its answer denies these allegations despite the exhibits attached to the moving papers in the motion for summary judgment.
The first defense in the proposed amended answer alleges that the road for which the deed of dedication is sought1 ‘ does not terminate at any point which would be accessible to the public ” and consequently the road for which the proposed deed of dedication is sought would be in effect a taking of the defendant’s property solely for the benefit of a private owner. Whether the use for which property is acquired or condemned is a public use is a judicial question for determination by the court (Saso v. State of New York, 20 Misc 2d 826).
The Town Board has determined by legislative action as indicated by the resolution adopted that the property is being acquired for public use. The resolution contains no language which restricts its use as was the case in Pansmith v. Incorporated Vil. of Is. Park (72 N. Y. S. 2d 575, affd. 73 N. Y. S. 2d 636).
As was stated by Mr. Justice Hammer in Bronx Chamber of Commerce v. Fullen (174 Misc. 524, 529-530): “ The declaration of public use by the Legislature will be accepted by the courts unless it is shown that the use is clearly private. The determination by a municipality or public agency that the use for which it is appropriating property is public, while subject to review, is not given as close scrutiny as when the power is exercised by a private corporation. A use is considered public when it affects the public generally, or any number thereof as such and not as individuals, or is for public benefit, utility or advantage or to develop the natural resources of a locality in view of the general welfare.”
*477 The existence of the agreement when the defendant acquired title, the language of the resolution, the existing conditions all point to the inescapable conclusion that the land was to be acquired for a public purpose and the answer as to that presents no issue of fact.
As to the second affirmative defense in its proposed answer the defendant alleges that the execution of the agreement constituted a dedication of the land and an acceptance by the plaintiff and the time for the plaintiff to exercise its right to open and work a highway, dedicated to public use has expired and the plaintiff is banned from seeking to enforce any rights which it may have had pursuant to the agreement.
It is quite evident that this defense is based on section 205 of the Highway Law which provides for the abandonment of highway which has been dedicated but not opened or used for the public for a period of six years. That section is not applicable in view of the plain and unambiguous language of the agreement.
At best only issues of law as to both affirmative defenses in the proposed answer, exist. An issue of law does not prevent the granting of summary judgment (Roer Constr. Corp. v. City of New Rochelle, 207 Misc. 46) when the law is on the side of the moving party.
The motion of the defendant for leave to serve an amended answer is denied and the motion of the plaintiff for summary judgment is granted.