Frederick Backer, J.
Petitioner seeks by this article 78 proceeding to compel the respondent, Comptroller of the City of New York, to pay to petitioner the sum of $60,957.52 due pur *321 suant to a certain contract between petitioner and the City of New York by the New York City Transit Authority on October 28,1963. It is alleged that payment thereof had been authorized by the New York City Transit Authority but that payment thereof by the respondent Comptroller was illegally, capriciously and arbitrarily withheld.
It is the position of respondent that the withholding of the payments is justified by reason of the fact that the District Attorney of New York County has officially advised the Mayor of the city of the refusal of Vincent B. Turecamo, vice-president of the petitioner corporation herein, to sign a waiver of immunity when called before the Grand Jury of New York County pursuant to its subpoena. Respondent contends that the Grand Jury is investigating possible collusion in submitting bids and obtaining awards of painting contracts with various governmental agencies, including the Transit Authority of the City of New York, and possible collusion in obtaining payments thereof by bribery of inspectors and other employees of such agencies. Moreover, under section 103-b of the General Municipal Law it is provided: ‘ ‘ Any person who, when called before a grand jury to testify concerning any transaction or contract had with the state, any political subdivision thereof, a public authority, or with a public department, agency or official of the state or of any political subdivision thereof or of a public authority, refuses to sign a waiver of immunity against subsequent criminal prosecution or to answer any relevant question concerning such transaction or contract, and any firm, partnership or corporation of which he is a member, partner, director or officer shall be disqualified from thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any municipal corporation or fire district, or with any public department, agency or official thereof, for goods, work or services, for a period of five years after such refusal or until a disqualification shall be removed pursuant to the provisions of section one hundred three-c of this article.”
Upon a study of the papers on this motion, it is manifest that the contract involved herein did not have to do with a ‘ ‘ painting contract” but was a contract involving certain demolition and construction of stairways and structure in the New York City subways. The total contract price for the work performed was $769,900. The total amount of the painting work done in connection with this contract was only $11,000. This painting work was, in fact, performed by a subcontractor. There is nothing in the papers on the part of respondent which evidences or in anywise indicates that petitioner was called before the Grand *322 Jury for any purpose arising out of his contractual relationship with the New York City Transit Authority. There is nothing to indicate anything illegal on its part or .suggestive of impropriety. The mere impaneling of the Grand Jury to investigate possibility of improper practice is not, per se, to say that such improper practice actually exists. No adverse inference can arise from the calling of a witness before a Grand Jury nor is any stigma to be attached to a person so summoned simply because he was so summoned. The inference of innocence is the basis of our judicial structure. And it has been held that no adverse inference can be made because a person so summoned before a Grand Jury refuses to waive a constitutional right granted to him.
Upon the record herein, it is manifest that the entire work under the contract was completed and was accepted by the New York City Transit Authority which certified its approval and acceptance of the work and requested payment be made by the Comptroller. There is no question raised here as to the work, labor and services performed nor any ground cited by respondent with regard thereto except for the failure to waive immunity. Section 103-b of the General Municipal Law cited by respondent is inapposite to the instant case for that statute refers to sanctions to be imposed after cancellation or termination of the contract. In the case at bar, recovery is sought only for work already done prior to any cancellation or termination of the contract and which had been certified and approved by the City Authority. Respondent’s entire opposition is predicated on information received by the District Attorney without specifically setting forth the substance thereof as it pertains to petitioner. It clearly appears that no valid reason is offered by which respondent should not be compelled to do that which the law requires in respect of the contractual agreement between the parties (see Berson v. Beame, N. Y. L. J., June 8, 1965, p. 18, col. 6 [Lyman, J.]). Accordingly, the application is granted.