Fred J. Munder, J.
This is an application by the Town of Huntington for an order in the nature of a writ of assistance, directing the Sheriff to put the town into immediate possession of certain property acquired by it to form part of a public parking lot in this proceeding which was brought pursuant to chapter 190 of the Laws of 1927, as amended. Title vested in the town upon the entry, on June 14, 1965, of an order by this court granting the application to condemn. The subject property is presently occupied by a tenant, Rothman Pickle Products, Inc., which conducts a business processing sauerkraut, pickles and related products, and which has refused to recognize the prior order of this court and vacate the premises.
It is the contention of the tenant that, unless it is granted a stay until January 1, 1966, in order to relocate, it will be unable to fulfill existing contracts valued at from $60,000 to $100,000; that under the' provisions of the Suffolk County Improvement Act the court has equitable jurisdiction to stay the municipality from taking immediate possession where it is not of paramount importance to the public interest, and to thus protect the tenant from suffering such a severe financial loss.
For a better conception of the physical situation involved here I inspected the property which is the subject of this proceeding. The taking is of three parcels containing approximately one-half acre, one acre and three and one-third acres respectively. The two smaller parcels are substantially unimproved and rather easily converted to commuter parking field use. The larger *484 parcel is substantially covered with buildings. It would, I believe, be impractical and uneconomical to grade and pave the smaller areas until all the buildings are razed and the whole area can be prepared for parking use.
The question now before me is whether I may weigh the equities, that is, has the court any power or authority to consider whether the public need for an additional parking area at East Northport railroad station is so immediate and imperative that it should override the plight of the pickle works, which finds itself unable so quickly to re-establish elsewhere and yet subject to crop contracts with farmers to supply it with produce for processing. The respondents recognize the petitioner’s right to take their land for public use; they ask only that the taking be delayed until December 31, 1965, to allow for the processing of the present year’s crop and a more orderly removal of the plant to some other location.
I do not believe that the injury to the commuters by the short delay suggested is of any real substance when compared with that which the respondents will suffer. Yet, sympathetic though I am with the plight of the respondents in this instance, I believe I must conclude that it is not within the power of this court to interfere with the right of the municipality to take immediate possession upon becoming vested with the title sought to be acquired.
The Court of Appeals has stated that the power of eminent domain is legislative and that it is the legislative body which determines the time and manner of its exercise. (See Society of N. Y. Hosp. v. Johnson, 5 N Y 2d 102, 107.) The special act here applicable specifically provides for the right of the condemnor, upon becoming vested with title, to take immediate possession. (Suffolk County Improvement Act, § 13.*) It has also been stated: “The right to ‘take’ private property means the right to take not only the legal title, but also the physical possession of the property. It would be an empty gesture to take title to property for a public use without the right to possess and develop it for the public use.” (Matter of Brooklyn-Battery Tunnel Plaza, 186 Misc. 603, 610, affd. 270 App. Div. 1027; City School Dist. of City of Mechanicville v. Cohen, 206 Misc. 1, affd. 285 App. Div. 923; Matter of McMorran v. Van Kleeck, 32 Misc 2d 887.)
*485 Therefore the application herein is granted, but enforcement of the order to be entered hereon will be stayed for a period of 10 days after service of a copy thereof with notice of entry upon the respondents, as requested, to permit them to seek a further stay from the Appellate Division on appeal.

 Popular title of chapter 190 of the Laws of 1927 which was re-entitled “An act in relation to the acquisition of real property for public use by the county of Suffolk, or by any town or school district in the county of Suffolk ” by chapter 796 of the Laws of 1954.