In the Matter of GEORGE P. MANDIS, as Treasurer of the Greater Buffalo Hotel Association, et al., Respondents, *v.* CHESTER C. GORSKI et al., Constituting the Common Council of the City of Buffalo, Appellants, and BENDERSON DEVELOPMENT COMPANY, INC., Intervenor.

Fourth Department, December 9, 1965.

*Robert E. Casey, Jr., Corporation Counsel* (*Joseph A. Nicosia* of counsel), for appellants.

*Thomas E. O'Brien* for respondents.

*Hellerer, Cuomo & Vaccaro* (*Robert J. Hellerer* of counsel), for intervenor.

DEL VECCHIO, J. Respondent, Buffalo Common Council, pursuant to leave granted by Special Term, appeals from an order

denying a motion to dismiss the petition in an article 78 proceeding brought to review its action in granting the intervenor permission to erect a motel or hotel in excess of three stories or 40 feet in height in a C2 District. Permission was granted pursuant to section 19 (subd. B, par. 1, cl. [a]) of chapter LXX of the Buffalo Zoning Ordinance, which authorized the erection of hotels, motels, and office buildings in a C2 District in excess of the three-story, 40-feet height limitation otherwise applicable to buildings in such districts " as approved individually by the Common Council under such terms and conditions as the council may prescribe." Petitioners sought an order annulling the permission granted by the Council to the intervenor and also declaring that section 19 (subd. B, par. 1, cl. [a]) of chapter LXX of the Buffalo Zoning Ordinance is null and void, and for such other and further relief as may be just and proper.

Without serving an answer, the Common Council moved to dismiss the petition on the following grounds: (1) the proceeding was not commenced within 30 days after passage of the resolution of permission as allegedly required by section 82 of the General City Law; (2) article 78 is not a proper proceeding to test the validity of a zoning ordinance; (3) from the pleading it does not appear that petitioners are aggrieved parties entitled to maintain this proceeding; and (4) the petition fails to state facts sufficient to constitute a cause of action.

We consider first the contention that petitioners may not attack the validity of the Buffalo Zoning Ordinance in this proceeding. No claim is being made as to the unreasonableness of the Council's action in granting a special exception, which would clearly be reviewable in an article 78 proceeding (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 24; *Matter of Rothstein* v. *County Operating Co.,* 6 N Y 2d 728, 729); the challenge is based solely upon lack of jurisdiction to grant the exception occasioned by the fact — as petitioners claim — that the section of the Zoning Ordinance authorizing the Council to grant exceptions from height restrictions for motels, hotels, and office buildings in C2 Districts is invalid. The section in question came into the Buffalo Zoning Ordinance as the result of an amendment to the ordinance enacted in 1961. In challenging the validity of the amendment petitioners are seeking a review of an exercise of the Buffalo Common Council's legislative function, a review not available through an article 78 proceeding (*Matter of Neddo* v. *Schrade,* 270 N. Y. 97, 103; *Matter of Paliotto* v. *Cohalan,* 6 A D 2d 886, affd. 8 N Y 2d 1065), but for which an action to declare the invalidity of the ordinance may properly be maintained (*Vernon Park Realty* v. *City of Mount*

*Vernon,* 307 N. Y. 493; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221).

In view of CPLR 103 (subd. [c]), the court will not dismiss this litigation because of petitioners' error in their choice of procedures. This section provides that "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." It was designed to prevent dismissals for errors in form alone and to allow a court which has proper jurisdiction of the parties to permit the continuation of litigation without regard for technical defects. Among the errors to which it was intended to apply were those regarding the choice between an action and a special proceeding as the appropriate device for securing judicial relief (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 103.08). We will therefore regard the present proceeding as an action for a judgment declaring the invalidity of section 19 (subd. B, par. 1, cl. [a]) of chapter LXX of the Buffalo Zoning Ordinance.

In this posture of the case it becomes unnecessary to consider the claims that the litigation was not commenced within the period prescribed by section 82 of the General City Law, and that petitioners are not "persons * * * aggrieved" within that section, which relates expressly to proceedings instituted pursuant to article 78 of the CPLR. There can be no doubt that the litigation was timely commenced when regarded as a declaratory judgment action, and that the allegations of the petition, liberally construed (CPLR 3026), indicate that at least one petitioner (Kennedy) has property rights which may be so directly affected by the special exception granted that an action challenging the zoning legislation may be maintained (*Buckley* v. *Fasbender,* 281 App. Div. 985).

As to the claim that the petition fails to state a cause of action: Insofar as petitioners seek a declaration concerning the validity of a legislative enactment, it is clear that the petition sets forth a situation which is appropriate for implementation of the declaratory judgment device. (*Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493, *supra*; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221, *supra*; *Verity* v. *Larkin,* 18 A D 2d 842.) Moreover, there is no reason evident, such as the availability of another remedy, why declaratory relief should not be granted. (See *Gaynor* v. *Rockefeller,* 15 N Y 2d 120.) In these circumstances, the court should not dismiss the complaint but should retain jurisdiction and declare the rights of the parties (*Hoffman* v. *City of Syracuse,* 2 N Y 2d 484, 487; *Rock-*

*land Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51; *Baldwin* v. *City of Buffalo,* 7 A D 2d 386).

Furthermore, we are of the opinion that the rights of the parties to the present litigation may properly be determined in this court and at this time, since we are satisfied that petitioners cannot succeed in their request for a declaration that a portion of the Buffalo Zoning Ordinance is invalid. The statement in *Civil Serv. Forum* v. *New York City Tr. Auth.* (4 A D 2d 117, 129–130, affd. 4 N Y 2d 866) is particularly appropriate: " We consider that a proper case for a declaratory judgment is presented, and it may be that orderly procedure should require the service of answers, and a determination of the merits of the controversy thereafter upon appropriate motions. (Cf. *Strauss* v. *University of State of New York,* 282 App. Div. 593, 595.) We are reluctant, however, to compel the respondents to resort to what would appear, in this case, to be unnecessary procedure. The conceded facts are before us now, as fully and as completely as though answers had been served and appropriate motions for affirmative judgments had been made. The material allegations of the complaint are not only constructively admitted, but are, as they must be, actually admitted, and the parties have in effect by their argument of the merits of their respective positions, on this appeal, requested this court to determine, on appellants' complaint, their rights with respect to the matters therein referred to. Respondents have not only asked for a dismissal of the complaint, but in their notices of motion have also demanded ' such other, further and different relief as may be proper '. (Cf. *Thompson* v. *Erie Ry. Co.,* 45 N. Y. 468, 476; *Acosta* v. *Miller Transp. Co.,* 276 App. Div. 1005.) In such a case, there being no issue of fact, a declaratory judgment may appropriately be directed. (*German Masonic Temple Assn.* v. *City of New York,* 279 N. Y. 452; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 53, *supra.*) "

It remains only to indicate the basis for our view that section 19 (subd. B, par. 1, cl. [a]) of chapter LXX of the Buffalo Zoning Ordinance is not invalid on the grounds upon which it is attacked, and that consequently the permission granted by the Buffalo Common Council to intervenor was within its jurisdiction.

Petitioners challenge the provision of the Zoning Ordinance which gives the Common Council authority to grant special exceptions from height regulations in C2 Districts as violative of the requirement of subdivision 24 of section 20 of the General City Law that height restrictions be uniform for each class of

buildings within a district, and violative of section 81 of the General City Law and subdivision (12) of section 33 of the Buffalo City Charter, which vest the power to grant variances exclusively in a Zoning Board of Appeals and only upon a showing of practical difficulty or unnecessary hardship.

Speaking of the objection of lack of uniformity resulting from the power to grant special exceptions, the Court of Appeals has said in *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals* (281 N. Y. 534, 540): "There is no discrimination among the several owners of property within a business district either by the terms of the ordinance enumerating the permissible uses or by the provision requiring the consent of the Town Board. Uniformity, therefore, has been carried out to the extent prescribed by the Legislature."

As to the claim that the provision violates the procedure provided by statute and charter for granting of variances, it is necessary to keep in mind the fact that a special exception is not a variance. "A special exception use differs from a variance in that a variance is an authority extended to a property owner to use his property in a manner forbidden by the ordinance while a special exception allows him to put his property to a use which the ordinance expressly permits." (2 Rathkopf, Law of Zoning and Planning, pp. 54-3–54-4.) The power of a local legislative body to reserve to itself the power to grant or deny special exceptions has been recognized repeatedly by the Court of Appeals. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330; *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals*, 281 N. Y. 534, *supra*; *Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 25, *supra*.) Nothing appears in the Buffalo City Charter which forbids the Common Council of that city to make a similar reservation.

It follows that, upon the grounds urged by petitioners, section 19 (subd. B, par 1. cl. [a]) of chapter LXX of the Buffalo Zoning Ordinance is not invalid and the Common Council acted within its power in granting the permission of which petitioners complain.

The order appealed from should be modified by adding thereto a direction of judgment for respondents declaring that the section of the Zoning Ordinance and the special permission attacked by petitioners are valid and, as so modified, affirmed.

WILLIAMS, P. J., BASTOW, GOLDMAN and HENRY, JJ., concur.

Order unanimously modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.