Bernard S. Meyer, J.
In this article 78 proceeding, petitioner seeks judgment directing the City Council of the City of Long Beach to enact a resolution for the payment to petitioner of $92,348.20. It is not disputed that pursuant to resolution of the City Council a construction contract was entered into in March, 1966 with plaintiff; that work was completed on October 14, 1967 and has been accepted by the city; that the adjusted contract price is $728,620.80 of which $636,372.60 has been paid to plaintiff; that the Deputy Commissioner of Public Works has certified to the City Manager that the adjusted contract price is $728,620.80, but that funds appropriated aggregate only $670,798.99 and, therefore, that additional funds of $57,821.81 were required to meet the balance due petitioner; and that though a resolution was prepared and presented to the June 11, 1968 meeting of the council, it was not then, and has not since, been adopted. The city denies that a balance of $92,348.20 is due, but its papers offer no basis for the denial other than its partial affirmative defense that it is entitled to an offset of $12,000 as liquidated damages for delay. It interposes four complete defenses, however: — that petitioner has an adequate remedy, that the petition does not state facts sufficient to *276 warrant relief, that the court is without jurisdiction, and that the act which the petition seeks to require is legislative and not subject to review.
Since there is no dispute concerning the work or the amount due for it (other than the offset), since the work has been accepted and under section 81 of the City Charter the contract price was ‘1 due and payable within sixty days after the acceptance of the work,” mandamus will lie to require the City Manager to perform the ministerial act of paying the claim to the extent that appropriated funds are available (Matter of Freel; 148 N. Y. 165; Matter of Ryan-Turecamo v. Beame, 47 Misc 2d 320; Matter of Obelisk Waterproof Co. v. Cloher, 111 Misc. 1; see 17 McQuillin, Municipal Corporations [1967 rev. ed.], p. 537, § 51.33). Furthermore, once petitioner has a judgment, mandamus will lie to require the City Council to assess, levy and collect a sum sufficient to pay that judgment (Matter of O’Connell v. Gold, 243 App. Div. 812, mod. 244 App. Div. 726; General Municipal Law, §§ 82, 83; McQuillin, op. cit., supra, p. 548, § 51.36).
Petitioner argues that since the claim is undisputed, appropriation of funds is but a ministerial act and mandamus should lie, even before judgment, to compel the City Council to make an appropriation. The cases petitioner relies upon are, however, distinguishable. In People ex rel. Reynolds v. Common Council (140 N. Y. 300, 307) the court noted that the $5,500 claim in question was for damages awarded by Commissioners and confirmed by order of court and ‘ ‘ had all the force and effect of a judgment creating an obligation on the part of the city to pay ”. People ex rel. Brewster v. Board of Supervisors (219 N. Y. 582); Holroyd v. Town of Indian Lake (180 N. Y. 318) and People ex rel. Commissioners v. Board of Supervisors (36 Misc. 597, affd. 68 App. Div. 650, affd. 170 N. Y. 105) each involved a statutory direction that the Supervisors borrow money and issue bonds at the request of a Board of Commissioners, for use in paying obligations of the Commissioners, not the Supervisors. No action other than mandamus would lie against the Supervisors, therefore, because the work was not done on contract with it (Holroyd v. Town of Indian Lake, 180 N. Y. 318, 324, supra). No case has been found, however, where the contracting and appropriating entity were the same, in which appropriation has been ordered prior to judgment.
Strong argument can be made that adherence to the requirement of a judgment in a case such as the present is an unnecessary formalism reminiscent of the frustrating futilities of early common-law pleading. In the instant case, however, the issue *277 need not be resolved. CPLR 104 directs that “ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding” and CPLR 103 (subd. [c]) provides that “ If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in proper form, but the court shall make whatever order is required for its proper prosecution ’ ’. Moreover, under the CPLR joinder of an action and a proceeding is permissible (Schuster v. 490 West End Corp., 26 A D 2d 535). The court will, therefore, treat the pleadings as demanding interlocutory judgment against the city for $92,348.20 and, should the City Council refuse to appropriate the additional funds necessary to pay the money judgment, for final judgment mandating enactment of the necessary appropriation (see Matter of Mandis v. Gorski, 24 AD 2d 181).
Since the city admits by failing to deny paragraphs 5, 6 and 8 of the petition that the sum of $92,348.20 is due, the only issue to be tried is the amount it is entitled to offset as liquidated damages. Accordingly, the four complete defenses will be stricken. If the parties are able to agree concerning the amount of the offset, a money judgment for the balance may be entered immediately. If they cannot so agree, petitioner shall put the matter on the calendar, the offset issue will be set down for trial, and a money judgment for the balance thus determined will be entered. Should the City Council fail at its next meeting following service of a copy eff that judgment to appropriate the additional funds necessary to pay the judgment, petitioner may then apply in this proceeding at the foot of the money judgment for a judgment in mandamus.