In the Matter of IDA H. WILLEY et al., Appellants, v. JAMES F. GARNSEY et al., as Trustees of the Village of Ilion, Respondents.

Fourth Department, July 5, 1974.

*Carroll, Carroll & Butz (John B. Carroll* of counsel), for appellants.

*Jack Manley* for respondents.

CARDAMONE, J.   On October 6, 1972 the Board of Trustees of the Village of Ilion passed a resolution changing the zoning of 16 acres from R-10, a residential one-family house zone, to Planned District Special (PDS).   On October 24, 1972 a real estate tax preference was enacted by the Board of Trustees setting maximum taxes on the proposed development of the 16 acres.   The unimproved real property in question is owned by the Roman Catholic Church of Annunciation of Ilion which

contracted to sell to the developer. The Village of Ilion Planning Board examined the preliminary plans of a developer who intended to put town-house type dwellings on the property. After hearing statements and testimony from the developer and other interested parties, the Planning Board recommended the zoning change to the Board of Trustees which effectuated it by unanimous resolution. Appellants, owners of adjoining property, commenced proceedings in the Herkimer County Supreme Court to invalidate the actions of the Board of Trustees. Although the matter was improperly commenced in part as an article 78 proceeding (*Matter of Southern Dutchess Country Club* v. *Town Bd. of Town of Fishkill*, 18 N Y 2d 870) the Supreme Court correctly treated the proceeding as an action for declaratory judgment (CPLR 103, subd. [c]). In affirming we agree with the conclusions reached by the court below but note that certain issues raised below and on appeal were not determined below. We consider them here.

First, appellants point out that the zoning ordinance limits the use of the PDS classification to developments " not otherwise distinguishable under any previous classification ". They argue that the proposed development is an apartment complex which is permitted under the R-6 and R-3 classifications of the zoning ordinances and therefore the use of PDS is not authorized. We find nothing in the regulations for R-6 which would permit the development here planned. Whether a town-house complex of the size here in question fits within the R-3 classification is a matter of interpretation. R-3 districts allow " multiple-family dwellings " as a permitted use. " Multiple dwelling " is defined in the Municipal Code for the Village of Ilion (§ 30.2[27]) as: " A building used or designed as a residence for three (3) or more families living independently of each other and doing their own cooking therein, including apartment houses, apartment hotels, flats and group houses." The proposed development is of approximately 150 " individual adjoining two-story homes each with its own private front and back yard ". In our opinion it was neither unreasonable nor arbitrary for the Board of Trustees to conclude that such a development should not be characterized as a " multiple dwelling " for purposes of the zoning ordinance. Inasmuch as the board *is the local* legislative body its judgment in this regard is conclusive (*Rodgers* v. *Village of Tarrytown*, 302 N. Y. 115).

Appellants also argue that the zoning ordinance permitting the establishment of Planned Development Districts constitutes

an invalid delegation of the Village Board's power to the Village Planning Board. The procedures for establishing a Planned Development District require application by the developer to the Village Board which refers the matter to the Planning Board for its recommendation. The Planning Board can require changes in the developer's plans to meet the requirements of the zoning ordinance, to protect the existing or permitted uses in the vicinity and to promote and protect the orderly growth and sound development of the village. The Planning Board also sets the minimum lot size, maximum building height, minimum yard dimensions, etc., of a Planned District Special classification. In reaching a decision on a proposed development the Planning Board is required to consider a list of 10 relevant criteria set forth in the ordinance. The Planning Board's ultimate decision is a recommendation only to the Village Board which retains the power to make the final decision. The Planning Board acts in an advisory capacity only. Under such circumstances we conclude that there is no delegation of legislative authority to the Planning Board.

Appellants also raise the issue of the propriety of the publication of the change in the zoning ordinance, suggesting that it should have been published twice instead of once in the official newspaper. Section 20 of the Village Charter (as amd. in 1970) requires publication of the ordinance only once and that was done in this case.

We also find to be without merit the appellants' claim that a restriction in the church's deed to the premises, providing that no business establishment be erected thereon, prevents the proposed development. Aside from the fact that the proposed use is not a "business establishment" (see *Vandershoot* v. *Kocher*, 190 Misc. 1) the appellants have no legal standing to enforce the restrictive covenant. There is no showing that appellants or any of them were parties to the conveyance between the church and its grantor or have any right of enforcement by way of the deed or the existence of a common plan of subdivision (*Steinmann* v. *Silverman*, 14 N Y 2d 243; *Lauber* v. *Martin*, 37 A D 2d 754).

The judgment should therefore be affirmed.

MARSH, P. J., MOULE, MAHONEY and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed without costs.