Robert P. Kennedy, J.
Petitioner is an agricultural society duly incorporated under the laws of the State of New York. As such, it is the owner of real property located in an R-l residential zone in the Village of Palmyra, New York. Its status and property ownership antedate the zoning ordinance by many years. It made application to the village zoning enforcement officer for .a building permit to erect and maintain a 40 feet by 80 feet exhibit and storage building on its premises. This application was denied. Petitioner then appealed to respondents and, in the same proceeding, requested a variance. The respon *819 dents denied the application, and petitioner is here seeking review under an article 78 proceeding and for an order reversing the respondents’ denial of the requested variance.
In addition to the usual questions raised by such application there is an additional challenge to respondents’ jurisdiction to rule on any question pertaining to petitioner. I will here deal only with petitioner’s jurisdictional challenge.
On oral argument it was stated that this ground should have been raised in an action for declaratory judgment rather than in an article 78 proceeding.
The Fourth Department in Matter of Mandis v. Gorski (24 AD 2d 181), addressed itself to this problem in a matter brought on through an article 78 proceeding which should have been instituted as an action for declaratory judgment. It held, relying on CPLR 103 (subd. [c]), that where the court has obtained jurisdiction over parties, a civil proceeding would not be dismissed solely because it is not brought in the proper form, but that the court should make whatever order is required for its proper prosecution.
That court also addressed itself to the problem presented when an article 78 proceeding is converted to one for declaratory judgment and it dealt with the requirement of pleadings and trial when declaratory judgment is the proceeding before a court. It said on page 185: 1 ‘ The conceded facts are before us now, as fully and as completely as though answers had been served and appropriate motions for affirmative judgments had been made. * * * In such a case, there being no issue of fact, a declaratory judgment may appropriately be directed.”
In the case now before this court there is no issue of fact relating to the jurisdiction of respondents over petitioner, just plain and simply a question of law. I will, therefore, consider petitioner’s petition as one seeking both a review of respondents’ action and for declaratory judgment that respondents have no jurisdiction over petitioner and direct the appropriate orders be prepared and entered.
Petitioner is a not-for-profit corporation. The .basis of its challenge to respondents’ jurisdiction over it is the power of condemnation given to it by subdivision (c) of section 1409 of the Not-for-Profit Corporation Law. Simply stated, petitioner says that it is not bound by the zoning ordinance because, to give respondents the authority to regulate where and under what conditions it could locate is to give respondents authority to negate, or at least seriously restrict and impair the condemnation power it has from the State.
*820 We are not dealing with a head-on collision between the power of condemnation and the zoning ordinance in question, because petitioner is not seeking to exercise its authority. Petitioner is saying that just because it has the authority to condemn, whether it ever uses it or not, it is exempt from the zoning ordinance. Petitioner is in error. I have found no case dealing with the applicability of zoning laws to one who merely possessed the power of condemnation. The New York cases all deal with zoning laws as they affect the exercise of that power.
Petitioner claims that its power to take by condemnation means nothing if, after the taking, its use of the property can be curtailed or forbidden by local zoning laws.
‘ ‘ The right to * take ’ private property means the right to take not only the legal title, but also the physical possession of the property. It would be an empty gesture to take title to property for a public use without the right to possess and develop it for public use ”, is a proposition frequently quoted in condemnation cases (Matter of McMorran v. Van Kleek, 32 Misc 2d 887, 889; Matter of Town of Huntington, 47 Misc 2d 483; Matter of City of N. Y. [Brooklyn-Battery Tunnel Plaza], 186 Misc. 603), but the cases which quote the foregoing all relate to and are limited to a taking for ‘ ‘ public use ’ ’.
A use is considered public where it affects the public generally, or any number thereof as such and not as individuals, or is for a public benefit, utility or advantage or to develop natural resources of a locality in view of the general welfare (Town of Greenburgh v. Country Ridge Assoc., 32 Misc 2d 475). I do not believe the conducting of county fairs comes within this definition.
Additionally, even where governmental units are involved, State, county, municipality, as contrasted with agricultural societies, the law recognizes that a difference exists as to the application of zoning laws to them depending on whether the unit is exercising governmental or proprietary functions.
“ In the very nature of things, a municipality must have the power to select the site of buildings or other .structures for the performance of its governmental duties. Accordingly, it necessarily follows, a village is not subject to zoning restrictions in the performance of its governmental, as distinguished from its corporate or proprietary, activities [citations omitted].” (Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190, 193.) The court said further that it was not easy to determine whether the municipality was involved in a governmental or *821 proprietary matter and listed some examples of governmental functions: erection of a structure to be used as a courtroom, meeting place for village trustees,. office for the village clerk, maintenance of public ¡schools, of a fire department, police force, maintaining and repairing roads, disposition of refuse and rubbish, all far cries from the operating of a county fair.
The inescapable conclusion to be taken from a reading of Nphrbas (supra) is that the governmental unit would be bound by the zoning laws if it were seeking to exercise a proprietary function., If a unit of government, which has the power of condemnation, is thus bound by zoning laws, then certainly an agricultural society is.
Petitioner’s application for. a judgment declaring that respondents’ zoning ordinance has no application to it is, therefore, denied.