■ In the Matter of WILLIAMSVILLE SOUTHEAST AMHERST HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v JOHN R. SHARPE, as Supervisor of the Town of Amherst, et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, without costs, and motion denied. Memorandum: In a proceeding under CPLR article 78, plaintiffs sought review of the Amherst Town Board's rezoning of a 12-acre parcel of land located at the southwest corner of the intersection of Wherle Drive and Youngs Road in the Town of Amherst. Plaintiffs also sought review of the Town of Amherst Planning Board's approval of a site plan submitted by defendant Massaro for construction on the subject parcel and of a determination by the Zoning Board of Appeals of the Town of Amherst approving Massaro's proposed vehicle and equipment service uses as permitted accessory activities within a research and development district. Upon defendants' motion to dismiss, Special Term converted the proceeding to an action for declaratory judgment, stating that review will not lie under CPLR article 78 of the action of a town board in its legislative capacity. Special Term dismissed the action insofar as it challenged the determinations of the Amherst Planning Board and the zoning board of appeals for plaintiffs' failure to join those entities as necessary and indispensable parties. Special Term also ruled that any challenge to the town board's rezoning action was barred by the four-month Statute of Limitations applying to CPLR article 78 proceedings since the town board had approved the rezoning on November 20, 1978 and it was not until August 30, 1979 that plaintiffs commenced litigation to challenge that action. Plaintiffs appeal only from that part of the decision which dismisses the action against the town board as time barred. The amendment of a zoning ordinance by a town board is legislative in nature and may not be reviewed by a CPLR article 78 proceeding (Matter of Willey v Garnsey, 45 AD2d 227, cert den 421 US 914; Matter of Sloane v Weber, 42 AD2d 1036; Matter of Mandis v Gorski, 24 AD2d 181). Special Term, therefore, correctly converted the proceeding against the town board to an action for declaratory judgment (see CPLR 103, subd [c]). To determine whether a particular declaratory judgment action should be governed by the six-year catchall of CPLR 213 (subd 1) or by some other limitation period, it is necessary to identify the relationship out of which the claim arises and the relief sought (Solnick v Whalen, 49 NY2d 224). Where the challenge in a declaratory judgment action was addressed to individualized Medicaid reimbursement rates established for a particular litigant, it was held that the claim was sufficiently similar to the type of redress which would be pursued under CPLR article 78 to justify application of the four-month Statute of Limitations prescribed for such proceedings (Solnick v Whalen, supra). Here, however, plaintiffs are challenging an action by a legislative body which is general in application rather than one which is analogous to an administrative determination. Under such circumstances, we have held that the CPLR article 78 limitations period posed no bar to a plaintiff's remedy (Matter of Mandis v Gorski, supra). The six-year limitations period set forth in CPLR 213 (subd 1) should apply to the present action, and Special Term erred in holding otherwise. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.