■   In the Matter of WILLIAMSVILLE SOUTHEAST AMHERST HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v JOHN R. SHARPE, as Supervisor of the Town of Amherst, et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, without costs, and motion denied. Memorandum: In a proceeding under CPLR article 78, plaintiffs sought review of the Amherst Town Board's rezoning of a 12-acre parcel of land located at the southwest corner of the intersection of Wherle Drive and Youngs Road in the Town of Amherst. Plaintiffs also sought review of the Town of Amherst Planning Board's approval of a site plan submitted by defendant Massaro for construction on the subject parcel and of a determination by the Zoning Board of Appeals of the Town of Amherst approving Massaro's proposed vehicle and equipment service uses as permitted accessory activities within a research and development district. Upon defendants' motion to dismiss, Special Term converted the proceeding to an action for declaratory judgment, stating that review will not lie under CPLR article 78 of the action of a town board in its legislative capacity. Special Term dismissed the action insofar as it challenged the determinations of the Amherst Planning Board and the zoning board of appeals for plaintiffs' failure to join those entities as necessary and indispensable parties. Special Term also ruled that any challenge to the town board's rezoning action was barred by the four-month Statute of Limitations applying to CPLR article 78 proceedings since the town board had approved the rezoning on November 20, 1978 and it was not until August 30, 1979 that plaintiffs commenced litigation to challenge that action. Plaintiffs appeal only from that part of the decision which dismisses the action against the town board as time barred. The amendment of a zoning ordinance by a town board is legislative in nature and may not be reviewed by a CPLR article 78 proceeding (*Matter of Willey v Garnsey,* 45 AD2d 227, cert den 421 US 914; *Matter of Sloane v Weber,* 42 AD2d 1036; *Matter of Mandis v Gorski,* 24 AD2d 181). Special Term, therefore, correctly converted the proceeding against the town board to an action for declaratory judgment (see CPLR 103, subd [c]). To determine whether a particular declaratory judgment action should be governed by the six-year catchall of CPLR 213 (subd 1) or by some other limitation period, it is necessary to identify the relationship out of which the claim arises and the relief sought (*Solnick v Whalen,* 49 NY2d 224). Where the challenge in a declaratory judgment action was addressed to individualized Medicaid reimbursement rates established for a particular litigant, it was held that the claim was sufficiently similar to the type of redress which would be pursued under CPLR article 78 to justify application of the four-month Statute of Limitations prescribed for such proceedings (*Solnick v Whalen, supra*). Here, however, plaintiffs are challenging an action by a legislative body which is general in application rather than one which is analogous to an administrative determination. Under such circumstances, we have held that the CPLR article 78 limitations period posed no bar to a plaintiff's remedy (*Matter of Mandis v Gorski, supra*). The six-year limitations period set forth in CPLR 213 (subd 1) should apply to the present action, and Special Term erred in holding otherwise. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■   In the Matter of WILLIAMSVILLE SOUTHEAST AMHERST HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v MASSARO DETROIT DIESEL ALLISON, INC., Respondent. (Appeal No. 2.)—Judgment unanimously reversed, without costs, and motion denied. Same memorandum as in *Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe* (77 AD2d 812). (Appeal

from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ In the Matter of WILLIAMSVILLE SOUTHEAST AMHERST HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v HISTORICAL SQUARE APARTMENTS, INC., Respondent. (Appeal No. 3.)—Judgment unanimously reversed, without costs, and motion denied. Same memorandum as in *Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe* (77 AD2d 812). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ EDWARD M. ZACHARY, as Trustee of DONALD S. POTTER, Bankrupt, Appellant, v COLUMBIA UNIVERSITY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The trustee in bankruptcy had the burden of proving that certain transfers of money made to Columbia University were fraudulent according to the New York State Debtor and Creditor Law *(Commercial Trading Co. v Potter Securities Corp.,* 26 AD2d 761). Since the evidence shows that the transfers were made for fair consideration, they were not fraudulent and cannot be recovered by the trustee, (Appeal from judgment of Onondaga Supreme Court—bankrupt's assets.) Present—Cardamone, J. P., Callahan, Doerr and Moule, JJ.

■ THOMAS J. LOWERY, JR., et al., Doing Business as LOWERY & MANCUSO, Respondents, v WILLIAM H. SPECTOR et al., Respondents, and JOSEPH SPECTOR, as Trustee of SPECTOR EMPLOYEES PROFIT SHARING TRUST, Appellant.—Order unanimously affirmed, with costs. Memorandum: Appellant is the trustee of the Spector Employees Profit Sharing Trust, a fund established by Solomon Spector in 1955 but amended and restated in 1976 to conform to the provisions of the Federal Employees Retirement Income Security Act (ERISA). It is a qualified retirement plan under the Internal Revenue Code. Since Solomon's death in 1978, the plan is subject to termination with distribution by lump-sum payment of the principal to the beneficiaries. One of the beneficiaries is Solomon's son, defendant William Spector. Appellant seeks to pay over one quarter of the principal to defendant William Spector, but it has been served with a restraining notice by plaintiffs, his judgment creditors. Defendants moved to vacate the restraining order and plaintiffs moved for turnover of the funds. Appellant concedes that he would satisfy plaintiffs' judgment from the trust funds but for the provisions of ERISA (see 6 Weinstein-Korn-Miller, NY Civ Prac, par 5205.22). He contends that the funds are exempt from assignment or alienation under the provisions of that law. Special Term denied the motion to vacate the restraining notice and ordered the turnover of funds to satisfy the judgment. We affirm. We find nothing in the provisions of Federal law prohibiting a levy on trust funds once the trust has terminated and the principal is available for distribution (see, also, *National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3, Pension & Vacation Funds,* 69 AD2d 679; see, contra, *Helmsley-Spear, Inc. v Winter,* 74 AD2d 195). (Appeal from order of Onondaga Supreme Court—attorney's fees.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ ROBERT S. INSALACO et al., Respondents, v LOCAL 2060, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, Appellant.—Order affirmed, without costs (see *Ballas v McKiernan,* 35 NY2d 14). All concur, except Callahan, J., who dissents and votes to reverse the order and deny the motion, in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent and vote to reverse. Defendant Local 2060, American Federation of State, County and Municipal