Sydney F. Foster, J.
Plaintiffs, as residents and property owners in the City of Kingston, have instituted this action for a declaratory judgment to declare the enactment of an amendment to the City of Kingston Zoning Ordinance by the Kingston Common Council as illegal, void and ineffective; and to enjoin and restrain the defendants from enforcing said amendment. The plaintiffs move herein for a temporary injunction pending the ultimate determination of the action; and defendants cross-move for summary judgment dismissing the complaint.
The essential facts are not in dispute. Prior to April 22,1966, the City of Kingston had adopted a Zoning Ordinance, pursuant to subdivisions 24 and 25 of section 20 of the General City Law. The defendant Income Fund Enterprises Corporation, in accordance with section 83 of the General City Law, duly petitioned the Common Council of the City of Kingston to reclassify a parcel of land belonging to the corporation from an ‘ ‘ BE. ’ ’ district to “ B-4 ”, in order to be permitted to construct “ garden type ” apartments in a district now limited to one-family residences by the general Zoning Ordinance. By a duly signed and acknowledged protest, however, the owners of 20% or more of the area of the land included, adjacent or directly opposite thereto informed the Council of their opposition to any such amendment. The request for the amendment and the protest by these property owners were referred to the Laws and Buies *253 Committee of the Common Council, and that committee thereafter recommended the enactment of the amendment.
When the proposed ordinance amendment was called to a vote before the Common Council on April 22, 1966, 11 members were present and 2 were absent. The vote as recorded by the Clerk was 9 in favor and 2 opposed to the ordinance. Since section 83 of the General City Law provides that where a protest of the nature described has been received “ such amendment shall not be passed except by a three-fourths vote of the council”, the issue presented is whether ‘ ‘ a three-fourths vote of the council ’ ’ means three fourths of the total number of the Council, or 10 members, which in this case would mean that the amendment was defeated; or three fourths of the members present and voting, or 9 members, which in this case would mean that the ordinance was carried.
The question of the requisite number of members of a municipal council voting on any particular issue seems to be a recurring and a troublesome one. (See 40 N. Y. Jur., Municipal Corporations, § 716; 4 McQuillin, Municipal Corporations [3d ed.], § 13.31; Ann. 43 ALR 2d 698.) There seems to be no dispute that absent a statutory requirement the common-law rule prevails; viz., that action may be taken by a majority of the members of the council present, provided that they are sufficient in number to constitute a quorum of the body. (See, e.g., Morris v. Cashmore, 253 App. Div. 657, affd. 278 N. Y. 730; United States v. Ballin, 144 U. S. 1, 6.) The problem comes in determining whether the common-law rule has been superseded by the Legislature in each general or specific grant of power to municipal bodies. (See, e.g., Bussing v. City of Mount Vernon, 198 N. Y. 196; Matter of Leventhal v. Gillmore, 123 Misc. 703, 709-710.)
It is principally argued by the defendants herein that the common-law rule must be applied, approving a vote of three fourths of the members present and voting, because the Legislature, in enacting section 83 of the General City Law, deliberately omitted specific language therein to the effect that the affirmative vote must be three fourths of “ all the members ” of the common council. It is pointed out that the Legislature did include that exact language, for example, in section 23 (subd. 2, par. b) of the same General City Law regarding the sale or lease of city real estate or of any franchise.
Although it must be conceded that this argument does have logical validity, and rests upon the maxim ‘ ‘ expressio unius est exclusio alterius ”, nevertheless it fails to consider the nature *254 and procedural requirements of the power exercised by the Kingston Common Council.
There can be no doubt that the enactment of zoning regulations by the common council of a city is a function of legislative character. (General City Law, § 20, subds. 24, 25; see, e.g., Miner v. City of Yonkers, 14 Misc 2d 535, 536 and cases cited therein.) As an integral part in the granting of legislative powers to the City of Kingston, in particular, the Legislature has both generally (Second Class Cities Law, § 35), and specifically (Kingston City Charter [L. 1896, ch. 747], tit. XI, § 115), directed that ordinances of legislative character shall require the affirmative vote of at least a majority of alt the members of the Common Council. (See, also, 39 N. Y. Jur., Municipal Corporations, § 155; General Construction Law, § 41.) There does not appear to be any contrary procedure for the enactment of zoning legislation.
The enactment of amendments to zoning regulations is no less a function of legislative character (General City Law, § 83). Since a majority of all the members in office must initially approve a zoning ordinance, and indeed pass an amendment in the absence of a protest, it should not be the rule that fewer votes than a majority of all the members might conceivably enact an amendment over a property owner’s protest where the statute necessitates a “ three-fourths vote of the council”. (Cf. Steers Sand & Gravel Corp. v. Village Board of Vil. of Northport, 129 N. Y. S. 2d 403; Matter of Glen Cove Shopping Center, Inc. v. Suozzi, 8 Misc 2d 247, 248.) In other words, the court must conclude that in a common council composed of 13 members, which is the situation presented by this case, the vote necessary to enact a zoning ordinance would be the affirmative approval of a majority of all the members, or 7 members; and to amend the ordinance where a protest has been filed, the affirmative approval of three fourths of all the members, or 10 members. Since the actual vote by the Kingston Common Council on the amendment Was 9 to 2, the ordinance in issue must be considered to have been defeated.
There being no substantial issues of fact requiring a trial, Summary judgment should be granted in favor of the plaintiffs, with costs, declaring that the Ordinance of April 22,1966 amending the City of Kingston Zoning Ordinance is illegal, void and ineffective. An injunction may issue restraining the defendants from taking any further action under said amendment.