GEORGE E. SAVATGY et al., Respondents, v. CITY OF KINGSTON et al., Appellants.— REYNOLDS, J. Appeal from an order and judgment of the Supreme Court, Ulster County, invalidating an amendment to the Kingston City Zoning Ordinance. (Opinion: 51 Misc 2d 251.) The sole question presented here is whether the amendment to the ordinance in question was passed in compliance with section 83 of the General City Law. In January of 1966, the City of Kingston was petitioned to amend its zoning ordinance to permit the construction of "garden type" apartments in a district previously limited to single family residences. Thereafter a written protest was filed by the requisite number of property owners in the area and therefore pursuant to section 83 of the General City Law, the proposed amendment was required to be approved "by a three-fourths vote of the council." The Kingston City Council is composed of 13 members but at the meeting at which approval was given only 11 members were present of which 9 members voted in favor of the amendment and 2 voted against it. Thus while more than three-fourths of the total members present voted approval, three-fourths of the total Council membership did not and Special Term has held that section 41 of the General Construction Law required approval of this latter percentage. Prior to 1948, New York followed the common-law rule that when a quorum is present, an act of a majority of the quorum is the act of the legislative body unless otherwise provided by statute (*Morris* v. *Cashmore*, 253 App. Div. 657, affd. 278 N. Y. 730; see 43 ALR 2d 698, 716; 4 McQuillin, Municipal Corporations, § 13.31, pp. 492–493; 40 N. Y. Jur., Municipal Corporations, § 716). This rule was altered, however, by a change in section 41 of the General Construction Law which now provides in effect that whenever three or more public officers are given any power or authority, a majority of the whole number constitutes a quorum, and "not less than a majority of the whole number may perform and exercise such power, authority or duty." Section 41 specifically covers only majority votes; to hold that it does not also apply to greater than majority votes would create anomalous situations which could not have been intended by the Legislature. (See *Aquavella* v. *Lamb*, 25 A D 2d 815, affd. 17 N Y 2d 839.) Order and judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.