■ VIGILANT INVESTORS CORPORATION, Appellant, v. TOWN OF HEMPSTEAD, Respondent.— In an action to declare the zoning ordinance of the Town of Hempstead unconstitutional and void as applied to plaintiff's property, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered July 24, 1969, which dismissed the complaint on the merits. Judgment reversed, on the law and the facts, with costs, and judgment granted to plaintiff declaring that the zoning ordinance of the Town of Hempstead is unconstitutional as applied to plaintiff's property and directing that plaintiff's property be rezoned from Residence B to Business. In our opinion, due to the almost total change to business of the area which surrounds plaintiff's property on three sides and the location of plaintiff's property directly on the Bethpage (Hempstead) Turnpike, plaintiff must be accorded a change of zoning from Residence B to Business (Stevens v. Town of Huntington, 20 N Y 2d 352). The changes in the area over the years resulted from the town's granting many zoning changes. Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.

■ SUZANNE M. WENNBERG, Respondent, v. PEDER K. WENNBERG, Appellant.— Order of the Supreme Court, Nassau County, dated July 30, 1969, affirmed, with $10 costs and disbursements (Lebovics v. Lebovics, 34 A D 2d 783). The case should proceed to trial promptly. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ GERALD ZISHOLTZ, Appellant, v. HARRIS BIRNBAUM et al., Respondents. — Three orders of the Supreme Court, Kings County, dated August 12, 1969, September 2, 1969, and September 15, 1969, respectively, and judgment of the same court, dated September 19, 1969, affirmed. No opinion. Appeal from order of the Supreme Court, Kings County, dated September 15, 1969, dismissed. No appeal lies from an order which denied reargument. Respondents are jointly awarded a single bill of $10 costs and disbursements to cover all these appeals. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.

■ In the Matter of MICHAEL J. ADLER et al., Respondents, v. IGNATIUS M. PAOLILLA, Appellant, et al., Respondents.— In a proceeding to invalidate petitions designating appellant as a candidate in the Democratic Party Primary Election to be held on June 23, 1970 for the public office of Member of the Assembly for the 51st Assembly District, Kings County, the appeal is from a judgment of the Supreme Court, Kings County, entered June 8, 1970, which invalidated said petitions. Judgment affirmed, without costs. No opinion. Christ, P. J., Rabin, Hopkins and Brennan, JJ., concur; Kleinfeld, J., not voting.

■ In the Matter of MARTIN B. BERNSTEIN, Respondent, v. MARVIN D. CRISTENFELD et al., Constituting the Board of Elections of the County of Nassau, Respondents, and GERALD E. MARCOUX, Appellant.— In a proceeding to invalidate petitions designating appellant as a candidate in the Conservative Party Primary Election to be held on June 23, 1970 for nomination for the public office of Member of the Assembly for the 13th Assembly District, Nassau County, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 11, 1970, which invalidated said petitions. Judgment reversed, on the law and the facts, without costs, and petitions validated. In our opinion, the record does not support the finding that the petitions were permeated with fraud. Christ, P. J., Rabin, Hopkins, Kleinfeld and Brennan, JJ., concur.