■ EMJAY PROPERTIES, Respondent, v. TOWN OF BROOKHAVEN, Appellant, and CHARLES W. BARRAUD et al., Constituting the Town Board of the Town of Brookhaven, Defendants.— In an action for a declaratory judgment, defendant Town of Brookhaven appeals, as limited by its notice of appeal and its brief, from so much of a judgment of the Supreme Court, Suffolk County, dated January 29, 1973 and made after a nonjury trial, as directed that plaintiff's property be utilized in accordance with the MF-2 Residence District designation set forth in said town's zoning ordinance. Judgment reversed insofar as appealed from, on the law, without costs, and matter remanded to the defendant Town Board of the Town of Brookhaven to consider and determine the question whether the subject property shall be rezoned for multiple residency as an MF-1 or MF-2 zone. Plaintiff owns a three-acre plot in the Town of Brookhaven. Prior to 1970, the plot was part of a larger plot which had been zoned for the construction of one-family residences under the zoning classification B-1 of the town's zoning ordinance and, as a result of condemnation of part of the larger plot for the relocation of highway Route 25-A, the larger plot was split so that a part of it, the subject three acres, became a residentially zoned "island" which defendants' planning consultant testified could reasonably be utilized only for apartment use. On June 12, 1970 plaintiff applied to the town for a rezoning of the subject property to MF-2 (multiple dwelling permitting the construction of a maximum of 10.89 units per acre of multiple residence). The town's ordinance also provides for an MF-1 classification permitting the erection of multiple residences of 7.26 units per acre. On March 2, 1971 the defendant town board denied plaintiff's application and continued the B-1 single-home restriction. Special Term held the continuance of the B-1 classification unconstitutional and void as to plaintiff's subject property. The town, by its brief on this appeal, has acquiesced in that determination. The town contends, however, that the further direction by Special Term that the subject plot be rezoned as MF-2 exceeded that court's jurisdiction. We agree with that contention. Special Term properly declared the B-1 classification void and unconstitutional, but it did not have the power to rezone the property. Whether the property should be rezoned as MF-2 or MF-1 is a legislative function of the defendant town board. The town board's determination of that question will be subject to appropriate review after it shall have been made (*Chusud Realty Corp.* v. *Village of Kensington*, 40 Misc 2d 259, 265, affd. 22 A D 2d 895; *Nelkin* v. *Town of Oyster Bay*, 14 Misc 2d 764; 1 Anderson, American Law of Zoning, § 4.26, p. 204). Rabin, P. J., Hopkins, Shapiro, Christ and Brennan, JJ., concur.