■ HERMAN JURGENS et al., Respondents, v TOWN OF HUNTINGTON, Appellant.—In an action *inter alia* for a declaratory judgment, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered January 28, 1976, which, after a nonjury trial, *inter alia,* "declar[ed] that the portion of the R-7 Residence District of the Code of the Town of Huntington, Chapter 62, insofar as it applies to the plaintiffs' property," is void. Judgment affirmed, with costs. Plaintiffs' property is located on the south side of Jericho Turnpike and consists of 7.7 acres, with a frontage of about 759 feet on Jericho Turnpike and a depth of approximately 445 feet. That portion of the property which faces Jericho Turnpike is zoned C-6 General Business for a depth of 150 feet; the remainder of the parcel is zoned R-7 Residence, which requires minimum plots of 7,500 square feet per one-family dwelling. The adjacent parcel to the west is zoned C-6 General Business to its full depth of 450 feet. Prior to 1966, it, like the subject parcel, had been zoned C-6 to a depth of only 150 feet. In 1966 the Huntington Town Board rezoned the rest of that property and it is currently fully occupied by a Chrysler-Plymouth dealership. The adjacent parcel to the east is also zoned C-6 to a depth of about 450 feet at the point where it borders upon the subject parcel. That parcel is not rectangular and, hence, the total depth from Jericho Turnpike varies; however, it, like the parcel to the west of the subject property, is zoned C-6 to its full depth. Prior to 1971, it had been zoned C-6 to a depth of 150 feet. In 1971 the commercial zone was extended to the full depth of the property. The entire property is currently occupied by a bank and office building. The southerly line of plaintiffs' property, as well as those of both adjacent parcels, abuts a development of small one-family residences. Because of the rezoning and development of the adjacent parcels, plaintiffs have been left with what was described by Special Term as a "peninsula" of residentially zoned property, surrounded on three sides by business properties. Plaintiffs' expert likened residential development on the subject parcel to "an island of houses surrounded by a sea of blacktop"; we agree. "When Tweedledee is granted, and Tweedledum is denied [relief] suspicion ripens into certainty that Tweedledum has been denied justice" *(Matter of Cowan v Kern,* 51 AD2d 569, 570). Defendant's zoning ordinance, as applied to plaintiffs' property, is discriminatory. Furthermore, the rezoning sought by plaintiffs would have been in accordance with defendant's comprehensive plan, as evidenced by defendant's adopted master plan and by defendant's actual zoning policies.

Defendant's reliance upon *Dauernheim, Inc. v Town Bd. of Town of Hempstead* (33 NY2d 468) is misplaced. The Court of Appeals therein held that nothing in that record warranted classification of the board's action as spot zoning and that the zoning was in accordance with a comprehensive plan of long duration. Allegations of confiscation are separate and distinct from allegations of discrimination or allegations that the zoning ordinance is not in accordance with a comprehensive plan. Clearly, a zoning ordinance can be discriminatory, and hence invalid, even though it falls short of being confiscatory *(Udell v Haas,* 21 NY2d 463, 477). Finally, as a general rule, courts may not rezone property *(Emjay Props. v Town of Brookhaven,* 42 AD2d 907; *Shapiro v Town of Oyster Bay,* 27 Misc 2d 844, affd 20 AD2d 850). However, under circumstances such as those at bar, where the zoning of a plaintiff's property is discriminatory, we have held that such plaintiff must be accorded a change of zoning to remedy the discrimination *(Vigilant Investors Corp. v Town of Hempstead,* 34 AD2d 990). Hopkins, Acting P. J., Martuscello, Latham and Shapiro, JJ., concur.