■ STILBELL REALTY CORP., Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.—In an action *inter alia* for a judgment declaring that the portion of the New York City zoning resolution which pertains to the residential use of plaintiff's property is unconstitutional and that plaintiff is permitted to use its property in conformance with the uses permitted in an M1-1 district, the defendant City of New York appeals from a judgment of the Supreme Court, Queens County, entered February 6,

1976, which, after a nonjury trial, *inter alia,* declared the zoning resolution unconstitutional and void insofar as it placed plaintiff's property in an R3-2 district. Judgment modified, on the law, by (1) deleting from the third decretal paragraph thereof all language after the words "the 'affected area' lies", (2) deleting from the fourth decretal paragraph thereof all language after the words "their assigns", and (3) deleting from the fifth decretal paragraph thereof all language after the words "currently affecting the 'affected area'". As so modified, judgment affirmed, with costs to plaintiff. The findings of fact are affirmed insofar as they pertain to the suitability of the property within the "affected area" to the uses permitted in an R3-2 district. The record amply supports Special Term's determination that the existing R3-2 classification, insofar as it relates to plaintiff's property and to property within the "affected area", is confiscatory and therefore void (see *Vernon Park Realty v City of Mount Vernon,* 307 NY 493; *Arverne Bay Constr. Co. v Thatcher,* 278 NY 222). However, since the improper zoning was not discriminatory per se, the new zoning should be determined not by the court, but by the board of estimate. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.