■ HARTSDALE VENTURE COMPANY, Respondent, v TOWN OF GREENBURGH et al., Appellants.—In an action, *inter alia,* to declare the Zoning Ordinance of the Town of Greenburgh invalid insofar as it prohibits the use of plaintiff's property for retail purposes, defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated December 16, 1976, as (a) denied the branch of their motion which sought to dismiss the third cause of action and (b) failed to strike certain requests for relief from the complaint and (2) from so much of a further order of the same court, dated January 20, 1977, as, upon reargument addressed to the third cause of action, adhered to the original determination. Appeal from so much of the order dated December 16, 1976, as sought to dismiss the third cause of action, dismissed as academic. That branch of the order was superseded by the order granting reargument. Order dated December 16, 1976 otherwise affirmed insofar as appealed from, without costs or disbursements. Order dated January 20, 1977, reversed insofar as appealed from, on the law, without costs or disbursements, and the third cause of action is dismissed. Defendants' time to answer is extended until 20 days after entry of the order to be made hereon. The first and second causes of action seek to have the zoning classifications affecting the subject property declared invalid. That these causes of action incidentally allege that the only feasable use of the property is under a "Designed Shopping" classification is an insufficient basis to divest the court of jurisdiction. While the defendants-appellants correctly state the general principle that courts will not usurp the legislative function of zoning property, there are exceptions to this general principle (see *Vigilant Investors Corp. v Town of Hempstead,* 34 AD2d 990). Therefore, the plaintiff-respondent should not be precluded from proving that this is an extraordinary case which requires an unusual exercise of the court's discretion. Furthermore, the defendants' objection is primarily directed at the relief requested in the first two causes of action. In the absence of an order which gives substance to the defend-

ants' speculative fears of improper relief, the challenge is premature. However, the challenge to the third cause of action is not premature. In the circumstance that the trial court does affirmatively direct that the subject property be rezoned, the plaintiff would nevertheless be required to exhaust his administrative remedies of applying for a building permit and variance, prior to seeking judicial relief (see *Old Farm Rd. v Town of New Castle,* 26 NY2d 462). If the trial court does not direct that the property be rezoned, then the plaintiff does not have standing to challenge the bulk and area requirements of a classification that does not affect its property. Therefore, the third cause of action should be dismissed. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.