■ ROBERT F. LUSK et al., Respondents, v TOWN OF EASTCHESTER et al., Appellants.—In an action, *inter alia,* to declare that the R-10 residential zoning classification imposed upon plaintiffs' property by the zoning ordinance of the Town of Eastchester is unconstitutional, defendants appeal from a judgment of the Supreme Court, Westchester County, dated May 9, 1977, which, after a nonjury trial, declared (1) that the classification was unconstitutional as applied to that property and (2) the zoning classifications R-7.5, R-6, R-5 and R-3 are unconstitutional when applied to plaintiffs' property. Judgment modified, on the law, by deleting the third decretal paragraph thereof. As so modified, judgment affirmed, with costs to appellants. The findings of fact are affirmed insofar as they pertain to the suitability of the subject property when classified as R-10. Plaintiffs, owners of approximately eight acres of land, claimed that the classification of the land as R-10 under the zoning ordinance of the Town of Eastchester was confiscatory. After an extensive trial, at which each side presented expert testimony, Special Term found for plaintiffs. The issue was essentially one of credibility and we do not disagree with the findings of Special Term. However, we disagree with its holding that the zoning classifications R-7.5, R-6, R-5 and R-3 are unconstitutional as applied to plaintiffs' property. We note that pursuant to a prior decision at Special Term, dated April 18, 1974, plaintiffs served an amended complaint which did not include a demand for relief with respect to the R-7.5, R-6, R-5 or R-3 classifications. Hence, it was error to grant relief with respect to those classifications. Further, absent discriminatory zoning, a court will not usurp the legislative function and

rezone property (see *Hartsdale Venture Co. v Town of Greenburgh,* 59 AD2d 903; *Stilbell Realty Corp. v City of New York,* 54 AD2d 962, 963; *Jurgens v Town of Huntington,* 53 AD2d 661). Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.