OPINION OF THE COURT
Joseph J asp an, J.
The defendants, in a collective abuse of legislative power, are depriving the plaintiffs of the beneficial use of their property. The question presented is whether this court may fashion a corrective remedy without violating the principle of separation of powers.
Plaintiff, Dobson Jamaica Realties, Inc. (Dobson), is the contract vendor of approximately 12 acres of land located on the easterly side of Old Coram Road (Route 112) and north of the Long Island Expressway in Medford, Town of Brookhaven, *723 County of Suffolk. The plaintiff, Verden Development Company, is the contract vendee in a 1975 agreement which provides that the sale is conditioned upon a zoning change from "L-3” Industrial to "J-3” Business to permit the construction of a shopping center.
Upon a denial of the requested zoning change, plaintiffs commenced an action for declaratory judgment. After an extensive hearing, Mr. Justice William R. Geiler issued an opinion, dated October 14, 1976, which read in part: "In effect, there is no demand for 'L-3’ Industrial property and Dobson is clearly deprived of a reasonable return on its property by continuing the same in an 'L-3’ Industrial classification (67 N.Y. Jr. Zoning & Planning Laws, Section 31). Thus the 'L-3’ Industrial zoning classification as applied to Dobson’s property is unconstitutional.”
A judgment entered on April 15, 1977 adjudged and decreed "that the Code of the Town of Brookhaven, Chapter 85, Article XXIV, and the Building Zone Map which is part of the Code of the Town of Brookhaven, having placed the property of the Plaintiffs dobson jamaica realties, inc., and verden development company in the L Industrial 3 District (Industrial Park), which said property is described as follows, to wit: [description omitted] are and the same are hereby declared to be confiscatory, arbitrary, unreasonable and void, and contrary to the provisions of the Constitution of the United States and of the State of New York insofar as they affect the real property of the Plaintiffs dobson jamaica realties, inc., heretofore described, and it is further
"adjudged and decreed that the matter be and the same hereby is returned to the Defendants for the purpose of holding a public hearing with reference to the proper zoning classification for the real property heretofore described within 45 days from the date of the entry of this Judgment.”
No appeal was taken from this judgment which has now become the law of the case.
The town board failed to take any action within the 45-day period mandated by this judgment. Thereafter, on its own motion, it conducted a public hearing to determine whether the subject property should be rezoned from "L-3” Industrial to "L-l” Industrial, a light industrial classification and on July 26, 1977 voted not to approve the change. On August 16, 1977, the town board again, on its own motion, held a public hearing to determine whether plaintiff’s property should be *724 rezoned as "J-3” Business and on September 22, 1977, this rezoning was also denied. In November, 1977, another public hearing was scheduled to determine if the property should be rezoned as "J-4” Business (a professional office zone).
Prior to the November hearing, plaintiffs moved to adjudge the defendants in contempt of court for their failure to hold a hearing to determine the proper zoning classification of plaintiff’s property within 45 days of entry of the April 15, 1977 judgment. On December 14, 1977, Justice Geiler decided the motion as follows:
"The Court rendered a judgment on April 7, 1977 (entered April 15, 1977) in which it declared that the 'L’ Industrial Zoning classification as applied to the subject property was unconstitutional and ordered the defendants to hold a public hearing on the proper type of zoning classification for the property. The defendants have failed to come to any conclusion after holding a number of meetings.
"The Court is familiar with the facts and must agree with plaintiffs that any consideration other than 'J’ Business 3 District may amount to confiscation. The defendants are hereby ordered to hold a public hearing as soon as possible to consider rezoning the subject property to a \T Business 3 District Zoning Classification.”
As directed by the December 14 order, another public hearing was held on January 17, 1978 to consider rezoning the property to "J-3” Business. On March 7, 1978, the town board again declined to rezone this property. (At this time the change of zone to "J-4” Business was also denied.) Additionally, the town board scheduled a public hearing be held on April 4, 1978 to consider rezoning the property as "PRC-3” Residence (a planned retirement community).
At this point the plaintiffs secured an order from Judge Geiler dated March 21, 1978 directing the defendants to show cause why they should not be punished for contempt of court pursuant to section 753 of the Judiciary Law for failing to comply with the provisions of the afore-mentioned judgment of April 15, 1977 and the order dated December 15, 1977 and why they should not be directed to amend the zoning ordinance of the Town of Brookhaven so that the subject property would be zoned in a J Business 3 District.
The application pointed out that the proposed PRC zoning classification was invalid since it could only be imposed upon *725 the application of an active applicant with an interest in the property setting forth the subsidy program to be utilized, the nature of the occupancy and the rentals to be charged.
When it became apparent that such a zoning could not be imposed without the application of the owners, the proposal was defeated and another public hearing scheduled for May 16, 1978 to again consider a rezoning to "J-3” Business. This proposal was again defeated on June 6, 1978 by a 4 to 3 vote of the town board. The motion was held in abeyance pending the outcome of the June 6 vote.
Since that date defendants have taken no other action and have continually failed to comply with the findings of Mr. Justice Geiler’s December, 1977 order that any zone other than "J-3” Business may amount to confiscation. Moreover, by reason of the April, 1977 order, the property in question was no longer zoned for any particular use and pursuant to the provisions of an ordinance reverted to a residential classification which is entirely inappropriate to this property.
The order to show cause of March 21, 1978 was referred to this court for appropriate adjudication. The parties appeared in person and by counsel and submitted to the jurisdiction of the court.
Notwithstanding the form by which this proceeding was commenced, this court considers it as a motion to punish the defendants for contempt and as an action for declaratory judgment supplemental to and in enforcement of the prior action. (CPLR 103, subd [c]); Matter of Willey v Garnsey, 45 AD2d 227.)
A hearing was held on August 28, 1978 at which time the minutes of the prior trial were admitted and six of the members of the Town Board of the Town of Brookhaven testified. The seventh was out of town at the time and the parties stipulated as to the substance of his testimony.
The defendants have interpreted the judgment and order of Mr. Justice Geiler as only requiring that they conduct a hearing to determine the rezoning possibilities and they have fully complied.
The court in directing a hearing recognized that, in the first instance at least, the town board should have the right to legislate the appropriate zoning (Woodbury Props. v Burk, 44 AD2d 728). It was not directing the performance of an idle gesture. Neither the elected or appointed officials of the Town *726 of Brookhaven met their responsibility by the simple device of holding public hearings.
The good faith of the defendant board members is put in question by the series of futile hearings and particularly by the effort to rezone the property to PRC, a planned residential community for senior citizens. It is obvious that if the board had the power to so classify the property, it would have destroyed its economic value. Such a zoning limitation would have been more devastating than the "L-3” previously declared unconstitutional. And yet, in its effort to frustrate the plaintiffs, this proposal was placed upon the table for action and defeated only because of legal impediments.
It is almost two years since the original decision in this matter and zoning of the property in question is still unresolved.
As a result of the board’s continued refusal to act upon the express and implied directives of this court, it has denied justice to the plaintiffs by delaying a proper zoning of the property. It is not inconceivable that the board hoped that the very element of delay would defeat the contract between the plaintiffs and thereby prevent the construction of a shopping center the "J-3” zoning would allow. Thus by its actions and inaction, the board has abdicated its role as a legislative body and has left it for the court to fashion a suitable remedy.
Generally, the courts may not usurp the legislative function of zoning property (Emjay Props. v Town of Brookhaven, 42 AD2d 907) but there are exceptions to this general principle. (Hartsdale Venture Co. v Town of Greenburgh, 59 AD2d 903.)
Under circumstances where the zoning of a plaintiff’s property is discriminatory, the courts have held that such a plaintiff must be accorded a change of zoning to remedy the discrimination. (Jurgens v Town of Huntington, 53 AD2d 661.) In Vigilant Investors Corp. v Town of Hempstead (34 AD2d 990) the court found that due to the nature of the property which surrounded the parcel in question, a change of zoning must be accorded to the plaintiff.
In French Investing Co. v City of New York (39 NY2d 587, 595, 597) the Court of Appeals wrote: "An exercise of the police power to regulate private property by zoning which is unreasonable constitutes a deprivation of property without due process of law * * * [Development rights are an essential component of the value of the underlying property because they constitute some of the economic uses to which the *727 property may be put. As such, they are a potentially valuable and even a transferable commodity and may not be disregarded in determining whether the ordinance has destroyed the economic value of the underlying property”.
The very process by which the zoning alternatives were tested support the view of Judge Geiler that the only nonconfiscatory zoning available is "J-3” and such a zoning change should be mandated.
It could be argued that the court should not change the zoning by decree in this action since there is an adequate remedy at law. It is conceivable that the plaintiffs may have a cause of action in damages against the defendants in their individual capacity because of conduct inconsistent with their duties and obligations and possibly against the town and its officials for the same reason. This could involve the carrying charges on the property and increased costs of construction of the projected structure arising out of the delay.
But as an alternative to zoning, such an award would have to project future losses and encompass the full value of the property computed on the basis of its highest and best use in the light of ultimate probable zoning. This would amount to an "inverse” condemnation of the property. Such a recovery was denied in French v City of New York (supra) where the court pointed out that condemnation is limited to acquisition for public use and does not extend to cases involving only the regulation of the use of private property.
Accordingly, for the reasons set forth herein, this court decrees that the property owned by plaintiff as described in the judgment of April 1, 1977 entered April 15, 1977, Dobson is rezoned to "J Business 3 District” and directs that the records and plats of the Town of Brookhaven be appropriately marked to show this change.
I have given consideration to the request to impose the sanctions authorized by section 753 of the Judiciary Law against some of the defendants, excluding Supervisor John F. Randolph, Councilman Joel Lefkowitz and Councilman Neil Capria, who more recently voted in the minority for a change of zoning to "J-3”. The fines imposed would be remedial in nature and effect and serve to compensate the plaintiffs. (State of New York v Unique Ideas, 44 NY2d 345.)
I must note however that while the defendants involved may have been ill-advised to challenge the authority of the *728 courts, they acted in the manner charged for reasons which they believed to be in the best interests of their community.
They were not protecting any private interest.
Accordingly, the motion to punish them for contempt of court is denied.