■ VINCENT L. PITARO et al., Respondents, v JOHN F. RANDOLPH et al., Constituting the Town Board of the Town of Brookhaven, et al., Appellants. — In an action for a declaratory judgment, defendants Town of Brookhaven and its town board appeal from so much of a judgment of the Supreme Court, Suffolk County, dated January 10, 1980, and made after a nonjury trial, as directed the town board to rezone plaintiffs' property to the "J-Business-3" district, and held that the refusal to so rezone the property was discriminatory. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and matter remanded to the defendant Town Board of the Town of Brookhaven to take such action as it deems proper under the circumstances. Plaintiffs own a 14-acre parcel on the east side of the intersection of New York State Route 112 and Washington Avenue in the Port Jefferson Station area of the Town of Brookhaven. With the exception of about 10,000 square feet with 100 feet of frontage on Route 112, which is zoned "J-Business-2" for general business use, the land is zoned in the B-1 single-family residential use classification of the zoning ordinance. The property is bounded on three sides by land zoned for residential use and to the north, on Washington Avenue (a residential street), by land actually used for residential purposes as well. However, the west side of the intersection of Route 112 and Washington Avenue is occupied by a gas station, and the land directly across Route 112 is zoned J-Business-2. In the declaratory judgment action brought by plaintiffs attacking the constitutionality of the zoning of their property, Special Term held that limitation of the property to single-family residential use was confiscatory and discriminatory and directed the town board to rezone the parcel to the J-Business-3 classification which would permit the construction of a shopping center. The defendants did not appeal from the portion of the judgment which held the current B-1 zoning classification to be confiscatory, but they do contest the finding of discrimination. On this record, at least, we cannot conclude that the town board's refusal to rezone the parcel J-Business-3 was discriminatory or irrational (see *Megin Realty Corp. v Baron,* 46 NY2d 891). The current zoning

conforms to the town's master plan and while it is apparent that a change from single-family residential must take place, the new zoning classification should be determined by the town board and not the judicial system (see *Stilbell Realty Corp. v City of New York,* 54 AD2d 962; *Emjay Props. v Town of Brookhaven,* 42 AD2d 907). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.