■ PETER KLEIN et al., Respondents, v TOWN OF OYSTER BAY, Appellant. — In an action to declare the Building Zone Ordinance of the Town of Oyster Bay unconstitutional as applied to the plaintiffs' real property, the defendant town

appeals from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered December 15, 1980 and made after a nonjury trial, which (1) declared the ordinance to be discriminatory as applied to the plaintiffs' property, and (2) directed that the plaintiffs be granted a change of zone "from 'D' Residence * * * to a 'Business' or 'Commercial' District." Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. Plaintiffs are the owners of approximately 15,000 square feet of land located on the northeast corner of Old Country Road and Sylvia Lane in the Town of Oyster Bay, Nassau County, upon which they propose to erect a Church's Fried Chicken establishment. The parcel, which is presently zoned Residence "D", is adjoined on the east by an exit road of the Seaford-Oyster Bay Expressway and on the north by a substantial residential enclave. Across Sylvia Lane to the west of the plaintiffs' parcel and along the north side of Old Country Road is a McDonald's hamburger restaurant, a retail store selling prepackaged baked products, and an office building belonging to the New York Telephone Company, but beyond these three buildings are parcels which have apparently been developed in accordance with the dictates of a Residence "D" zone. On the south side of Old Country Road directly across from the plaintiffs' parcel is a single family residence and a vacant parcel of land (zoned Residence "D"), but immediately to the west of the vacant parcel is a large diner and a gas station which "front" onto Old Country Road. Immediately to the south of these parcels and bounded on the east by Margaret Drive and on the west by Farmers Plain Avenue, is another substantial residential enclave which apparently is also zoned Residence "D". Having been rebuffed in their efforts to have their property rezoned to Business "F", the plaintiffs commenced this action on or about July 25, 1979 to have their current zoning declared unconstitutional, and on August 11, 1980 a trial was held in the Supreme Court, Nassau County. At that time, the plaintiffs' expert testified that their parcel was worth approximately $25,000 as presently zoned (which would permit the construction of two single-family residences), but that it would be worth in excess of $110,000 if rezoned to Business "F". However, no evidence regarding the purchase price of the property was adduced. In opposition, the town's expert testified, *inter alia,* that the property was worth $35,000 to $40,000 as presently zoned, and that it would be worth $47,500 to $50,000 with a special exception permitting the construction thereon of one two-family and one single-family residence. In addition, it was testified that the parcel would be worth $50,000 with a variance and special exception permitting the construction of two two-family residences. Although refusing to find that the ordinance was unconstitutional, either per se or as applied, the Justice presiding at Special Term negated the zoning of plaintiffs' parcel on the unpleaded ground that the ordinance "as applied against the plaintiffs' property, is discriminatory." We cannot agree. While in accord with so much of the determination at Special Term as declined to void the defendant's zoning ordinance on constitutional grounds (see *McGowan v Cohalan,* 41 NY2d 434, 436), we find ourselves unable to agree with the balance of the determination, as the plaintiffs, in our view, have neither pleaded nor proven that the defendant's ordinance is "discriminatory" as applied to their parcel. It does not appear on this record that the property in question may not be reasonably developed in accordance with the existing zoning, or that development of the property in the manner suggested by the defendant's expert has ever been seriously considered (cf. *Williams v Town of Oyster Bay,* 32 NY2d 78, 83). Moreover, there has been no showing that the contemplated rezoning (to "Business" or "Commercial") is consistent with the defendant's comprehensive plan (cf. *Jurgens v Town of Huntington,* 53 AD2d

661). The plaintiffs' parcel is not, as they might wish, indistinguishable from the parcel upon which is situated the McDonald's hamburger restaurant, as the latter is screened from the adjoining residential uses by a sizeable recharge basin (i.e., a sump). No comparable screening has been planned for the plaintiffs' parcel (cf. *Jurgens v Town of Huntington, supra*). In addition, there has been no demonstration of such a drastic change in the surrounding area as a result of the defendant's actual zoning practices as would render the present classification of the plaintiffs' parcel discriminatory (cf. *Stevens v Town of Huntington,* 20 NY2d 352; *Vigilant Investors Corp. v Town of Hempstead,* 34 AD2d 990). Under all of the circumstances, Special Term exceeded its jurisdiction in rezoning the plaintiffs' property by judicial fiat (cf. *Jurgens v Town of Huntington, supra,* p 662). We note, however, that the failure of proof on the plaintiffs' part may well be attributable to the fact that the case was prepared and tried on the theory of "unconstitutional" rather than "discriminatory" zoning. Accordingly, since we believe that the plaintiffs should not be deprived of their day in court on this issue, we direct that the matter be remitted for a trial *de novo* at which such evidence (including, if deemed appropriate, a detailed analysis of the defendant's actual zoning practices) may be introduced. This, in turn, will provide the defendant with an adequate opportunity to rebut such evidence. Lazer, J. P., Gulotta and Bracken, JJ., concur.

Cohalan, J., concurs as to the reversal of the judgment, but otherwise dissents and votes to grant judgment to defendant, with the following memorandum: I would reverse and grant judgment to defendant on the ground that the town board acted well within its power in denying the change of zone applied for. What my brethren are doing by their remand is to give plaintiffs a second opportunity to prove their case. As I view the problem, they have had ample time to prepare their pleadings, their arguments and their court appearances, and should not be indulged further. In addition, "[w]here the suitability of [a] plaintiff's property for residential use presents a debatable question, the court may not substitute its judgment for that of the local legislative body" (*Ulmer Park Realty Co. v City of New York,* 270 App Div 1044, 1045, affd 297 NY 788).