■ REDCO, Respondent, v TOWN OF OYSTER BAY et al., Appellants, et al., Defendant. — In a declaratory judgment action, the defendant Town of Oyster Bay and the individual defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.) dated September 9, 1983, as, upon plaintiff's motion to dismiss their answer and for summary judgment against them, granted the same to the extent of dismissing the affirmative defense asserted in the fifth through seventh paragraphs of the appellants' answer.

Order affirmed, insofar as appealed from, with costs.

Plaintiff demands judgment, *inter alia,* (1) declaring the present "A" Residence District zoning of the subject property unconstitutional and discriminatory, (2) directing that the defendant town change the zoning classification from "A" Residence District to "E-2" General Residence District, and (3) restraining defendants from enforcing any of the provisions of the Zoning Ordinance of the Town of Oyster Bay applicable to the "A" Residence District against the subject property.

The town, in the fifth through seventh paragraphs of its answer, as an affirmative defense and by way of an objection as a matter of law, demands judgment dismissing the verified complaint on the ground that the court is without power to grant the relief requested by plaintiff insofar as it requests the court to direct the town to change the zoning classification and also requests that defendants be restrained from enforcing the present zoning ordinance.

The general rule regarding zoning classifications is that "courts may not usurp the legislative function of zoning property" (*Dobson Jamaica Realties v Town of Brookhaven,* 96 Misc 2d 722, 726, citing *Emjay Props. v Town of Brookhaven,* 42 AD2d 907). "[T]he court's function is limited to the declaration of what the zoning classification may *not* be and does not extend to fixation of the proper zoning classification" (*Shapiro v Town of Oyster Bay,* 27 Misc 2d 844, 845; see, also, *Pitaro v Randolph,* 80 AD2d 553).

However, there is an exception to that general rule. "Under circumstances where the zoning of a plaintiff's property is

discriminatory, the courts have held that such a plaintiff must be accorded a change of zoning to remedy the discrimination" (*Dobson Jamaica Realties v Town of Brookhaven,* 96 Misc 2d 722, 726, *supra,* citing *Jurgens v Town of Huntington,* 53 AD2d 661; see, also, *Berenson v Town of New Castle,* 67 AD2d 506).

Injunctive relief is also proper in a zoning case to restrain a defendant from taking any action under a zoning ordinance (*Savatgy v City of Kingston,* 51 Misc 2d 251, affd 26 AD2d 978, affd 20 NY2d 258).

Therefore, plaintiff's complaint states a cause of action. We pass upon no other issue. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.