In the Matter of the Application of James Kirklin, BOGUSLAW PAWLOWICZ, MICHAEL GOLDSHALL and RIANNA GOLDSHALL, MONA GOODMAN, LEAH TOZER, CHRISTOPHER JONES and WILLIAM HAAS, Petitioners, for a Judgment Pursuant to Article 78 CPLR

against
Zoning Board of Appeals of the City of Long Beach, SCOTT A. KEMINS, as Building Commissioner of the City of Long Beach and SHORE ROAD-LONG BEACH SUPERBLOCK LLC, Respondents.


3204/17

Christian Browne for petitioners
Scott Mollen for respondent Shore Road
Robert Agostisi for respondent City of Long Beach


Stephen A. Bucaria, J.

The following papers read on this motion:
Notice of Motion XXX
Affirmation in Support XXX
Reply Memorandum XXX
Memorandum in Opposition XX
Memorandum in Support XX
Surreply affirmation/affidavits XXXX
Petition to annul certain variances granted by respondent Zoning Board of Appeals of the City of Long Beach, or in the alternative to compel the Board to hold a public hearing, is granted to the extent indicated below. Motion (seq. No. 2) by respondent Zoning Board to dismiss the petition is denied. Motion (seq. # 3) by respondent Shore Road-Long Beach Superblock, LLC to dismiss the petition is denied. Cross-motion (seq. # 4) by petitioners for summary judgment is granted to the extent of remanding the matter to the Zoning Board with instructions to conduct a public hearing on petitioners' appeal from the granting of Shore Road's application for an extension. 
This is an Article 78 proceeding in the nature of mandamus to review and annul certain variances granted by respondent Zoning Board of Appeals of the City of Long Beach. Petitioners are City residents. The variances were granted to respondent Shore Road-Long Beach Superblock, LLC ("Shore Road"), a real estate developer which intends to construct two 15-story apartment buildings, and additional commercial space, on a 6-acre parcel along the boardwalk in Long Beach. The project is known as the "Super Block." In the alternative, petitioners seek to compel the Zoning Board to hold a public hearing on their appeal of the Board's decision to extend the variances.
In approximately 2001, the City of Long Beach selected Janow Associates, LLC to develop the Super Block site. To finance the project, Janow Associates' affiliate, Shore Development Partners, LLC, obtained a $51.5 million mortgage loan from Fremont Investment & Loan. After Fremont went out of business, its assets, including the loan to Shore Development, were assigned to iStar FM Loans, LLC. After Shore Development defaulted on the loan, iStar accepted a deed in lieu of foreclosure in 2009. iStar's subsidiary, respondent Shore Road, ultimately undertook to develop the project. 
In 2011, the City of Long Beach commenced an action against Janow Associates, Shore Development, respondent Shore Road, iStar, and Philip Pilevsky, seeking specific performance and asserting other claims arising from the Super Block project (Index No 2502/11). That action was assigned to Justice Driscoll. 
On January 17, 2014, the parties to that action entered into a settlement agreement. The settlement agreement provided that iStar would pay the City $5 million, in two $2.5 million "tranches." The first tranche was to be used to pay eminent domain claims against the City in connection with its acquisition of the property. The second tranche was earmarked as a "prepayment" to the City for costs associated with the project. During oral argument, although repeatedly asked, the parties never explained how costs to the City could reach $2.5 million. In section 2.1(b)(4), the settlement agreement provides that, upon release of the second $2.5 million tranche, iStar shall have a "vested, absolute, and indefeasible right" in the contemplated project, including "the Zoning Variance" and the "Building Permit." Shore Road alleges that the second tranche was released in December 2015. 
In section 4.3, the settlement agreement provides that any application or lawsuit arising from the agreement shall be filed in Supreme Court, Nassau County. The section further [*2]provides that the parties shall "jointly request" that any such lawsuit be assigned to Justice Driscoll as being "related" to the prior action. 
On February 28, 2014, the Zoning Board granted Shore Road area variances for height and density, on condition that: 1) "all necessary permits be obtained within 9 months and construction to commence within 12 months from the filing of the resolution herein or 60 days from the conclusion of an Article 78 proceeding", and 2) "all work to be in conformance with plans and specifications approved by the Commissioner of Buildings and Property Conservation." The Zoning Board's approval resolution provides that, if the conditions are not complied with, the variances "shall be deemed revoked, unless an extension has been granted."
On November 24, 2014, the Zoning Board granted Shore Road a six month extension of time to obtain the permits and begin construction, i.e. to May 28, 2015 (Shore Road ex M). On May 28, 2015, the Building Commissioner issued a permit for "site preparation" and construction of "overall foundation" (Shore Road ex O). The permit is stamped, "No Electrical" and "No plumbing." The building permit was issued for one year and was set to expire on May 27, 2016. On April 25, 2016, the Building Commissioner extended the permit for one year, i.e. through May 27, 2017 (Shore Road ex X). On March 15, 2017, the permit was extended for another year, i.e. to May 27, 2018 (Shore Road ex Y). Petitioners allege that construction plans have not been submitted and no permits for electrical work or plumbing have been issued. 
On June 12, 2017, petitioner James Kirklin filed an appeal with the Zoning Board from the Building Commissioner's determination to extend the permit through May 27, 2018. Petitioner argues that the approval resolution expired and no building permits may be issued until new variances are obtained. 
This proceeding was commenced on August 3, 2017. Petitioners seeks a declaratory judgment that the approval resolution was revoked by its terms and the building permit extension through May 27, 2018 is null and void. In their second cause of action, petitioners seek to compel the Zoning Board to hold a public hearing on their appeal from the Building Commissioner's determination granting an extension. 
By notice of motion dated September 13, 2017, respondent Zoning Board moves to dismiss the petition. The Zoning Board argues that the case is not ripe for adjudication because its decision to extend the permit was non-final and petitioners have not exhausted their administrative appeal. The Board argues that petitioners do not have a clear legal right to a public hearing on Shore's Road's application for the extension. 
By notice of motion dated September 14, 2017, respondent Shore Road moves to dismiss the petition on the ground of a defense founded upon documentary evidence, statute of limitations, laches, and lack of standing. Shore Road argues that it has an "indefeasible" right to a building permit, that petitioners' appeal is untimely under Gen City Law § 81-a(5)(b), and petitioners live several blocks from the Super Block site. Shore Road alleges that it commenced construction in August 2015 by clearing the site, excavating the sub-grade, pouring a four-inch concrete slab, and performing other necessary work to set the foundation.
By notice of cross-motion dated October 12, 2017, petitioners cross-move for summary judgment on their second cause of action to compel the board of appeals to hold a public heating on their appeal from the Building Commissioner's determination granting the most recent extension. Petitioners argue that their claims are timely, that petitioner Kirklin lives in close [*3]proximity to the site and the other petitioners have "taxpayer standing" because the Super Block is a matter of "significant municipal concern." Petitioners argue that they have a clear legal right to a public hearing. 
A property holder in nearby proximity to premises that are the subject of a zoning determination may have standing to seek judicial review without pleading and proving special damage, because adverse effect or aggrievement can be inferred from proximity (Sun-Brite Car Wash v Bd of Zoning, 69 NY2d 406 [1987]). Petitioner Kirklin alleges that he lives 397 feet from the Super Block site. The court concludes that Kirlin lives in nearby proximity to the premises and is sufficiently aggrieved by the extending of the variance. Respondent Shore Road's motion to dismiss the petition for lack of standing is denied.
One who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in court (Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012]). However, the exhaustion rule is not inflexible and is subject to "important qualifications" (Id). As examples, it need not be followed when an agency's action is challenged as unconstitutional or wholly beyond its grant of power, when its pursuit would cause irreparable injury, or when resort to an administrative remedy would be futile (Id). A property owner seeking to annul a building permit must ordinarily challenge the permit before the zoning board prior to commencing an Article 78 proceeding (Lucas v Mamaroneck, 57 AD3d 786 [2d Dept. 2008]). 
In his appeal of June 12, 2017, petitioner Kirklin challenged the Building Commissioner's most recent extension of the building permit. To date, the Zoning Board has not acted on Kirklin's appeal. On oral argument, counsel for the Zoning Board stated that "we didn't have enough time" to notice a hearing before petitioners commenced this proceeding and the Board was reluctant to conduct a hearing while the proceeding was pending (Tr at 25). The court determines that petitioners have adequately exhausted their administrative remedies. The court has subject matter jurisdiction of the present controversy, and the matter is ripe for adjudication. Respondent Zoning Board's motion to dismiss for lack of subject matter jurisdiction is denied.
CPLR § 217(1) provides that, "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner...."
General City Law § 81-a, entitled "Board of appeals procedure," provides in subdivision 5(b) that an appeal shall be taken within 60 days after the filing of any "order, requirement, decision, interpretation, or determination of the administrative official by filing a notice of appeal with the board. Shore Road argues that petitioners' challenge is untimely because petitioners did not appeal to the Zoning Board within 60 days of the March 15, 2017 extension. 
Town Law § 267-c provides that an Article 78 proceeding challenging a zoning decision of a town board of appeals shall be instituted within 30 days after the filing of the board's decision with the town clerk. Thus, the four month period of CPLR § 217(1) does not apply to an Article 78 proceeding challenging a variance granted by a town zoning board (Crowell v Zoning Board, 151 AD3d 1247, 1249 [3d Dept 2017]). There is no corresponding provision in General City Law providing for an Article 78 challenging a city zoning decision.
Article 5-A of the General City Law, of which § 81-a is a part, does not provide for an [*4]Article 78 proceeding against the city's zoning board of appeals and does not provide a statute of limitations shorter than that provided by CPLR § 217(1). Because the Zoning Board has not ruled upon Kirklin's June 12, 2017 appeal, and indeed concedes that a hearing must be held (Tr at 25), the Building Commissioner's decision to extend the permit has not become "final and binding" upon petitioners. Thus, this proceeding is timely. Respondent Shore Road's motion to dismiss the petition based upon the statute of limitations is denied. 
A zoning board of appeals is authorized to hear and decide appeals from and review any order, requirement, decision, interpretation or determination made by an administrative official charged with enforcement of zoning regulations (Gen City Law § 81-a[4]). Zoning of property is a legislative function (Redco v Oyster Bay, 106 AD2d 379 [2d Dept. 1984]). A municipality may not abdicate its zoning responsibility, or any other legislative power (Thomas v Bd of Standards & Appeals, 263 A.D. 352 [2d Dept. 1942]). For the City of Long Beach to grant Shore Road an "indefeasible" variance would be to abrogate the zoning responsibility delegated to its board of appeals. Indeed, in its surreply, the Zoning Board rejects Shore Road's argument that the January 2014 settlement agreement, or any statement by City officials, operated to grant Shore Road an indefeasible variance. Respondent Shore Road's motion to dismiss the petition on the ground that Shore Road has a vested variance is denied. 
Where a person who objects to the granting of a variance fails to object in a timely manner and the party who obtained the variance has been prejudiced, the holder of the variance may assert the defense of laches (Stockdale v Hughes, 189 AD2d 1065 [3d Dept 1993]). In deciding whether laches bars an Article 78 proceeding, the court may consider whether construction commenced promptly upon the issuance of the building permit and also the extent of completion of the project (Id). While Shore Road alleges that it spent $8.3 million after the building permit was originally issued in November 2014, it did not start construction promptly after the permit was issued and, to date, has only performed preliminary work to laying the foundation. Respondent Shore Road's motion to dismiss the petition on the ground of laches is denied.
Nevertheless, because the zoning board is authorized to hear and decide appeals, and may review any zoning determination, the zoning board has inherent power over its own resolutions. Thus, it is for the zoning board of appeals, rather than this court, to determine in the first instance whether the conditions to the granting of the variances were complied with, and whether the time period for obtaining all necessary permits should be extended. Accordingly, as respondent Zoning Board argues, the court should not rule upon petitioner's request for a declaratory judgment declaring the variances and building permit void until after the board has conducted a hearing.
The power of a zoning board of appeals to make a determination in a matter before it, whether in the exercise of its original or appellate jurisdiction, may be exercised only after a public hearing (Gen City Law §§ 27-b(6), 81-a(7); Cunney v Bd of Trustees, 72 AD3d 960 [2d Dept. 2010]; 12 NY Jur2d § 399-400).
The granting of a variance requires zoning board action (Haberman v Zoning Board, 9 NY3d 269, 275 [2007]). However, once a variance has been issued, the same formality is not required to extend the variance's duration (Id). Thus, it is ordinarily not required that an application for the extension of a zoning variance be treated as a "new application" for which [*5]public notice and a hearing are mandatory (Id). 
In the present case, the variances granted on February 28, 2014 expressly provide that they are null and void if "all necessary permits" are not obtained within 9 months, and construction did not begin within one year, of the granting of the variances. In view of the express terms of the approval resolution providing for revocation of the variances, the highly complex issues of land use before the zoning board, and the over three year delay in obtaining the permits and performing substantial construction, the board was required to treat Shore Road's most recent request for an extension as a "new application."
The regulation of property by zoning may constitute a deprivation for purposes of the due process clause (Fred French Investing v New York, 39 NY2d 587 [1976]). Due process may require a hearing where a significant zoning issue turns upon material facts which are "conflicting or uncertain" (O'Brien v Commissioner of Education, 4 NY2d 140, 148 [1958][Van Voorhis, J, concurring]).
In his reply affidavit, Corporation Counsel Robert Agostisi contradicts iStar/Shore Road's "gross misrepresentations," concerning iStar's request for long-term tax abatement, the effect of the January 2014 settlement agreement, the April 22, 2015 Host Community Agreement, and iStar's May 28, 2015 agreement to comply with the City's apprenticeship program. Thus, the Zoning Board asserts that, contrary to Shore Road's representations to the court, Shore Road has been granted a permit only for "foundation work" and has not complied with the terms of the variances. Regardless of whether the Zoning Board erred in not initially holding a public hearing on Shore Road's most recent request for an extension, the sharp conflict in the underlying facts as between Shore Road and the Zoning Board confirms that petitioners have a clear legal right to a public hearing on their appeal from the Building Commissioner's granting of the extension. Respondent Zoning Board's motion to dismiss the petition is denied.
The court has discretion, upon good cause shown, to declare void any action taken by a Zoning Board in violation of the public hearing requirement (Cunney v Bd of Trustees, supra, 72 AD3d at 961-62). However, because the Zoning Board has inherent power over its own orders, it is for the Board in the first instance to determine whether a developer has complied with the terms of a variance. In the present case, there is no need to declare the variance void because the Zoning Board has not ruled upon petitioner's appeal from the granting of the extension. Accordingly, this court defers ruling upon the validity of the variance until the Zoning Board of Appeals has had an opportunity to make its preliminary determination. Petitioners' cross-motion for summary judgment is granted to the extent of remanding the matter to the Zoning Board, with instructions to conduct a public hearing on petitioners' appeal from the granting of Shore Road's application for an extension within 90 days of the date of this order. 
Settle judgment on notice. 
So ordered.
Date: January 22, 2018
__________________________
J.S.C.